Turner, J., dissenting: That in the case of a taxpayer keeping its accounts on an accrual basis there is an accrual, for income tax purposes, when the right to receive a payment becomes fixed, is settled law. Spring City Foundry Co. v. Commissioner, 292 U. S. 182. Here, however, the Court, following its prior opinion in Luckenbach Steamship Co., 9 T. C. 662, holds that the pronouncements of the Supreme Court in the Spring City Foundry Co. case are not controlling, for the reason that the amount of just compensation to he paid to the Christenson Steamship Company for the S. S. Jane Christenson was not known and could not be reasonably estimated or ascertained in 1942, when the vessel was requisitioned by the War Shipping Administration. With all due respect to the majority here, it is my opinion that the effect of the holding, if permitted to stand, is merely a perpetuation of error committed in the Lukenbach case. To say that no amount can be reasonably estimated merely because the exact amount is not known at the time the right to receive the payment becomes fixed and cannot be estimated with exactness, and there is therefore no accrual, is, it seems to me, an undue restriction of the ruling in the Spring City Foundry Oo. case and the ignoring of the declarations of the Supreme Court in Continental Tie & Lumber Co. v. United States, 286 U. S. 290, and United States v. Anderson, 269 U. S. 422. In my opinion, these cases are not effectively and adequately distinguished in principle from the Luckenbach case or the instant case by mere fiat that they “are clearly distinguishable upon the facts.” We do not have here a case where there is no fixed or determined right to receive payment, as was true in Security Flour Mills Co. v. Commissioner, 321 U. S. 281, Dixie Pine Products Co. v. Commissioner, 320 U. S. 516, and Lucas v. American Code Co., 280 U. S. 445. To say that no amount was known or could be reasonably estimated or ascertained at the time of the taking of the vessel in 1942, is to turn one’s back on the facts or to play the ostrich and stick one’s head in the sand. Regardless of the differences between the General Accounting Office and the War Shipping Administration, there was at all times an acknowledgment on the part of the United States that the Christenson Steamship Company was entitled to receive an amount equal to the value of the ship on September 8, 1939. This case, on its facts, is no different from cases arising daily throughout the business world where the right to payment becomes fixed but the amount is not definitely known and must await ultimate work-out or computation. In such cases, it would be wholly unrealistic and would result in a complete distortion of income and the financial condition of the participants using an accrual method of accounting to fail or refuse to enter an estimate of the amount of the payment upon their books, particularly where there is no question but that a substantial amount is owing and will be paid. The fact that the estimate, even though made objectively and resulting from the exercise of the best judgment possible, will in all likelihood vary from the amount ultimately computed or determined, is no excuse and does not relieve a taxpayer from entering the results of the exercise of such judgment upon its books; and the fact that the ultimate work-out may be, and probably will be, different and require proper adjusting entries on the books in the year of ultimate determination or payment, not only is no bar to accrual, but rather, is a common and normal occurrence. As to the amount which properly should have been accrued, it is sufficient for the purposes of this dissent merely to point out that even the Comptroller General acknowledged liability of the United States at the time the S. S. Jane Christenson was requisitioned, in an amount equal to the value of the ship on September 8, 1939, and that Cahill, who took over on November 17, 1942, as “Managing Owner” for Christenson Steamship Company, did estimate and accrue on his books a receivable of $510,000 as the amount due and owing for the ship as of the date requisitioned. As some indication that this amount was regarded as conservative, it may be noted that throughout 1943 the petitioner’s representatives were claiming $640,000 as the amount due. In further refutation of the conclusion that it was not reasonable to ascertain and accrue any amount in 1942, it is to me of some significance that as early as July 25,1943, the Christenson Steamship Company was advised that it would be privileged at that time to accept payments based on the deadweight tonnage of the vessel, or up to 75 per cent of the value which had been computed under a general order of the Maritime Commission, whichever was higher or, without any prejudice to its rights to continue its demands for the payment of an amount greater than the value of the ship at September 8, 1939. For the reasons stated, it is my opinion that the pronouncements by the Court of the law in this case and its application of the law to the facts herein are in error. Him, Disney, and HarROn, //., agree with this dissent.