HALLACK & HOWARD LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 25105.   Promulgated January 30, 1930.

*James D. Benedict, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

## OPINION.

LOVE: Two of the three issues presented by the pleadings in this proceeding have been settled by agreement of the parties. The petitioner concedes the correctness of the respondent's determination relative to invested capital, and the respondent concedes that the petitioner is entitled to a deduction of $310, representing Christmas bonuses to employees during the taxable period.

Upon undertaking consideration of the third issue it may first be pointed out that the petitioner is not seeking deduction of the $10,000 reserve set up during the fiscal year ended November 30, 1920 (hereinafter referred to as the year 1920), but is claiming a deduction for

the said year of $4,294.92, representing the actual expense of the operation which the reserve was intended to cover. The respondent contends that the deduction is properly a deduction from income of the fiscal year ended November 30, 1921 (hereinafter referred to as the year 1921), and he has allowed it accordingly.

It appears that in September, 1920, lumbering operations of the petitioner on a tract of leased land situated approximately twenty-three miles from La Madera, N. Mex., were completed and the petitioner desired to abandon a lumber spur serving the operations mentioned and connecting with the main line of the Denver & Rio Grande Railroad at La Madera.

The rails (and possibly the ties) in use on this spur were held by the petitioner under a lease which required payment of an annual rental in advance on January 1 of each year. Because of this and the possibility of damage to the roadbed and rails if the spur were snowed in for the winter, the petitioner was anxious to have the rails lifted and returned to the lessor before the next annual rental fell due. In September, 1920, it entered into a verbal contract with Allen whereby the latter agreed to remove the rails and the petitioner agreed to pay $200 per track mile for such service and to furnish a locomotive, cars and a train crew. At the time this contract was made the parties doubted that the rails could be removed before the following spring and apparently the removal was not commenced until some time in 1921.

Before closing its books for 1920 the petitioner set up a reserve of $10,000 to cover the removal of the rails. The removal was completed in May or June, 1921, and the total cost, including payments to Allen and maintenance of the petitioner's locomotive, cars and train crew, was determined to be $4,294.92. The actual payment of this amount occurred in 1921.

The petitioner now claims a deduction of the $4,294.92 as an expense properly accrued in 1920 at the time the contract was made. The respondent contends that no liability was incurred during 1920 and that the expense was not properly accrued in that year. The question for determination therefore is whether or not a liability of the petitioner for payment of the deduction claimed was created or incurred simultaneously with its agreement with Allen. We will not attempt to distinguish between such portion of the deduction claimed as represents payments to Allen and such portion as represents expenses of the petitioner's locomotive, cars, and train crew, because, in our view, the petitioner's theory rests upon a false predicate, to wit, that liability for the payment eventually made was

"incurred" simultaneously with the making of the contract. The contract was an executory one calling for future service by Allen. When it was made the only immediate effect was the incidence of the obligations of the parties to keep their contract. And the measure of such an obligation is not the contract price but the response in damages for its breach. The obligation was therefore a contingent one and, the contingency not happening, such a liability was never incurred. We think no liability was incurred by the petitioner under its contract with Allen until, at the time in 1921 contemplated by the parties when making the contract, Allen commenced his performance. In other words, the agreement made in 1920 did not then incur a liability but was simply an agreement under which a liability would be incurred in the future. See *Hirst & Begley Linseed Co.*, 4 B. T. A. 1160.

The petitioner seeks to draw an analogy between its case and the facts leading to our determinations in *Producers Fuel Co.*, 1 B. T. A. 202; *Raleigh Smokeless Fuel Co.*, 6 B. T. A. 381, and several similar decisions. In the proceedings mentioned the petitioner had in each instance breached a contract or contracts in the taxable year and upon the accrual system had set up reserves to meet liabilities incurred by reason of the breach. Settlements of such liabilities were effected in subsequent years and the petitioner claimed appropriate deductions for the year in which the breach occurred. We held the liabilities incurred upon the breach and that the deductions were properly claimed. The instant proceeding is distinguishable in that we hold no liability was incurred in the taxable year. The petitioner's case is more nearly analogous to the facts in *Jahncke Shipbuilding Co.*, 11 B. T. A. 479, cited by both parties, in which we held that unless the amount claimed as a deduction represented a liability either paid or incurred in the taxable year it was not allowable. In that proceeding it was found that the petitioner, taking cognizance of an anticipated expense, set up a reserve to cover the same. But in the taxable year it neither paid nor incurred the liability and consequently was denied the deduction claimed. In *United States* v. *Anderson*, 269 U. S. 422, the liability was likewise incurred in the taxable period for which the deduction was allowed.

It follows that the respondent's denial of the deduction of $4,294.92 as an expense properly accrued during the taxable period involved is approved.

*Judgment will be entered under Rule 50.*