**Harry M. LEVIN and Freda H. Levin, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 11425 and 11426.**

United States Court of Appeals, Third Circuit.

Argued Jan. 6, 1955.

Decided Feb. 11, 1955.

Benjamin F. Kivnik, Philadelphia, for petitioners.

Grant W. Wiprud, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before MARIS, GOODRICH, and STALEY, Circuit Judges.

STALEY, Circuit Judge.

Taxpayers object to the disallowance of a business deduction taken in 1946 which represented a liability for future advertising services under a contract entered into in December of that year.

During 1946 taxpayers were partners engaged in manufacturing and selling food products. On December 12, 1946, the partnership entered into a contract providing for the display of cards advertising its product in the subway and elevated systems of the Philadelphia Transportation Company. The display was to commence in December, 1946, and continue for a period of five years [1] at a rate of $733 per month. At the partnership's request, an invoice was submitted to it on December 17, 1946, for the advertising service covering the period from December 5, 1946, to December 4, 1947, at the rate of $733 a month and totalling $8,796. The partnership entered the full amount on its books and deducted it from its gross income for the year 1946 but made no payments until 1947. The Tax Court upheld the Commissioner's disallowance of that part of the deductions allocable to the cost of advertising services to be rendered in 1947.

As the partnership kept its books and reported its income on the calendar year accrual basis of accounting, taxpayers contend the deduction must be taken in the year in which it became liable under the contract for the advertising expense and not in the year of payment.[2]

■ It is well settled and taxpayers seem to agree that a liability does not accrue so long as it remains contingent. Dixie Pine Products Co. v. Commissioner of Internal Revenue, 1944, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 420; Brown v. Helvering, 1934, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725; United States v. Anderson, 1926, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347. They argue, however, that as the contract provided for cancellation only at the end of a year, liability became fixed for a year's services upon its execu-

tion. We do not think that provision determinative of the nature of the partnership's liability. The contract called for the display of cards by the transit company in the future. Rendition of the services was a condition precedent to any obligation of the partnership to pay. Where the contract, as here, contains mutually dependent promises, liability under it is contingent upon performance or tendered performance. Restatement, Contracts § 270 (1932) et seq.

■ Taxpayers also argue that the moment the contract was signed there was a fixed and determined liability for damages if they breached the contract in 1946. True, if they had breached the contract in 1946, some amount (though not necessarily $8,796) might have become a fixed and determined liability, but the fact remains that there was no breach in 1946.

Taxpayers have cited a number of cases [3] decided by the Tax Court to sustain their position. In none of these, however, was an accrual basis taxpayer permitted to deduct a contingent liability.

Taxpayers have also cited Carey Machinery & Supply Co. v. Hofferbert, a case in the United States District Court of Maryland, in which they say the court, on facts similar in principle to those in this case, found that a fixed and determined liability existed and permitted its accrual. The specific provisions of the contract there involved are not set out in the report of the opinion, 5 CCH 1950 § 9421. However, to the extent that the Carey opinion is not in accord with what we decide, we do not agree with it.

For the reasons stated, the decisions of the Tax Court will be affirmed.

---

1. There is some disagreement as to whether the contract was a five year or a two year contract. The length of the contract determines when a party could cancel the agreement. But the issue is immaterial to our decision.

2. 26 U.S.C. § 43 (1946), Int.Rev.Code of 1939, § 43.

3. During oral argument taxpayers cited

E. H. Sheldon & Co. v. Commissioner of Internal Revenue, 6 Cir., 1954, 214 F. 2d 655. The question there decided was that certain heavy expenditures for catalogs that had a possible useful life beyond the year in which acquired need not be capitalized. There was no attempt by the taxpayer to deduct any amounts solely because of contract obligations.