COLLOIDS, INC., a corporation of the State of New Jersey, Plaintiff,

v.

John E. MANNING, The Collector of Internal Revenue, New Jersey District, Defendant.

Civ. A. No. 1058–51.

United States District Court
D. New Jersey.

Dec. 16, 1955.

---

Vincent P. Torppey, Newark, N. J., for plaintiff.

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., for defendant.

SMITH, District Judge.

This is an action for the recovery of an excess profits tax deficiency and the interest thereon, assessed and collected under the Revenue Act of 1938, § 602 as amended 26 U.S.C.A. § 600 et seq. The complaint alleges, and the answer denies, that the tax was illegally assessed and collected. The action is before the Court on a stipulation of facts, and the only issue presented for determination is one of law.

### Facts

#### I.

The plaintiff, a corporation organized under the laws of New Jersey, was engaged in the development, manufacture and sale of sizing materials for the treatment of rayon yarns and other fabrics. It is conceded that in the years in question the books and records of the plaintiff were kept and maintained on an accrual basis and the income and excess profits taxes were computed accordingly.

#### II.

During the latter part of 1943 the plaintiff, represented by its president, and the Newark College of Engineering, represented by its Dean, entered into an oral contract, pursuant to the terms of which the former agreed to make available to the latter a research grant in the amount of $4,000. It appears that it was further agreed that the results of the research program were to be made available exclusively to the plaintiff. The services of the Newark College of Engineering were to be performed from February 1, 1944 to February 1, 1945. The contemplated grant was paid in full on December 31, 1943. The payment was claimed as a deduction in the income and excess profits tax return of the plaintiff for the calendar year 1943 and was allowed. This deduction is not challenged in this proceeding.

#### III.

Some time in September 1944 the plaintiff, represented by its president, and the Newark College of Engineering, represented by its Dean, entered into a similar contract pursuant to the terms of which the former agreed to make available to the latter a similar grant in the amount of $4,000. The agreement contemplated that the services of the Newark College of Engineering were to be performed from February 1, 1945 to February 1, 1946. The full amount of the grant was paid in 1945 but subsequent thereto, and in the same year, the agreement was terminated and a refund in the amount of $2,597.49 was made to the plaintiff. It appears that a deduction in the full amount of the grant was ultimately allowed the taxpayer for the calendar year 1945. (See Paragraph V).

#### IV.

The plaintiff filed its corporate tax return for the calendar year 1944, "reporting income and declared value excess profits tax due in the sum of $6,517.97 and excess profits tax due in the sum of $17,543.19." The tax as reported was paid. The plaintiff claimed as a deduction, in addition to other items, for the calendar year 1944, the full amount of the grant, to wit, $4,000. The deduction was disallowed for the calendar year 1944 but allowed for the calendar year 1945, the year in which the payment was made. A proper credit was

allocated to the account of the taxpayer. (See Paragraph V).

## V.

After an audit of the returns the Commissioner of Internal Revenue, on June 23, 1950, assessed against the plaintiff for the calendar year 1944 an additional excess profits tax in the total amount of $4,474.15; the assessment included a tax in the amount of $3,399 and interest thereon in the amount of $1,075.15. The full amount of the assessment was satisfied as follows: a payment by the taxpayer in the amount of $3,191.23 and a credit allowed by the Commissioner of Internal Revenue in the amount of $1,282.92. The credit was produced by the allowance of a deduction of $4,000 for the calendar year 1945, the year in which the grant, payable under the second contract, was paid.

## VI.

A timely claim for refund of the excess profits tax, assessed and paid for the calendar year 1944, was filed by the plaintiff on December 1, 1950. The claim for refund disputed the disallowance of the deduction to which reference is hereinabove made. The claim for refund was rejected and the plaintiff was duly notified. The present action followed.

## Discussion

It is agreed that the item here in question, to wit, the payment of the grant, was deductible. The plaintiff contends that the item was deductible as an expense properly accrued in 1944, the year in which the contract was made. The contention is without merit. Levin v. Commissioner of Internal Revenue, 3 Cir., 219 F.2d 588, 589; Spencer, White & Prentis, Inc. v. Commissioner of Internal Revenue, 2 Cir., 144 F.2d 45, 47; Hallack & Howard Lumber Co. v. Commissioner of Internal Revenue, 18 B.T.A. 954, 957, et seq. Cf. Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 519, 64 S.Ct. 364, 88 L.Ed. 420. The item was properly deductible as an expense accrued in 1945, the year in which payment was made pursuant to the terms of the contract.

## Conclusion

The defendant is entitled to judgment in his favor.