**COMMISSIONER OF INTERNAL REVENUE v. PRODUCE REPORTER CO.**

No. 10771.

United States Court of Appeals
Seventh Circuit.

Nov. 4, 1953.

H. Brian Holland, Asst. Atty. Gen., Joseph F. Goetten, Asst. to Atty. Gen., U. S. Department of Justice, Washington, D. C., Ellis N. Slack, Lee A. Jackson, and Harry Baum, Washington, D. C., Sp. Assts. to Atty. Gen., for petitioner.

William W. McKittrick, Victor L. Lewis, Lawrence Howe, Jr., Charles R. Kaufman, Chicago, Ill., Vedder, Price, Kaufman & Kammholz and Francis H. Uriell, Chicago, Ill., of counsel, for respondent.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from a decision of the Tax Court. 18 T.C. 69. It involves income and excess profit taxes for the years 1944, 1945 and 1946.

Taxpayer is a service corporation for the wholesale fruit and vegetable industry. Since 1930 it shared profits with its employees by means of year-end bonuses. In 1941, at the instance of the company, certain employees organized a non-profit corporation. Trustees, elected by the employee members of that corporation, entered into a trust agreement with the company, referred to as the 15–50 Year Club. This trust was to receive, administer, and disburse contributions made by the company to the trust for the sole benefit of employee members who at that time or at a later date had 15 years of continuous service with the company. In 1941 the company contributed $2,490 to the trust, and in each successive year has made additional contributions. In 1944 taxpayer entered into a similar agreement for the benefit of employees having 5 or more years of service, which was known as the 5–50 Year Club.

Taxpayer contributed to the two trusts in cash or equivalent, $8,850 in 1944, $13,200 in 1945, and $14,600 in 1946. The contributions were irrevocably made and neither the taxpayer nor any of its officers or shareholders exercised any control over the trust funds.

In its tax returns for the years 1944, 1945, and 1946, taxpayer deducted the amounts contributed in those years to the trusts. The Commissioner disallowed the deductions on the ground that the contributions were not made to a trust forming a part of a "profit-sharing plan," as that term is used in Secs. 23(p) and 165(a), Internal Revenue Code, 26 U.S.C.A. §§ 23(p), 165(a). The Commissioner insisted that unless such a plan contains a definite predetermined formula for determining the profits to be shared, payments to such a fund are not deductible, citing Treasury Regulation 111, Sec. 29.165–1.

The Tax Court held that taxpayer's two profit-sharing trusts are exempt trusts within the purview of Sec. 165(a), and that the contributions made to such trusts in the respective taxable years are deductible to the extent provided in Sec. 23(p) of the Code.

The Commissioner argues that the Tax Court's decision herein is precisely the opposite of its decision in Lincoln Electric Company Employees' Profit-Sharing Trust, 14 T.C. 598. This charge is correct, but it is to the credit of the Tax Court that it reversed its previous position.

In the Lincoln Electric Company case, three judges of the Tax Court filed a vigorous dissent. The Tax Court decision was appealed, and the Court of Appeals for the Sixth Circuit reversed the Tax Court decision. Lincoln Electric Co. Employees' Profit-Sharing Trust v. Commissioner of Internal Revenue, 190 F.2d 326. The appellate court said, 190 F.2d at page 330: "Section 165(a) and, of necessity, any regulation adopted for its implementation, must be interpreted in the light of the statutory scheme. Tavannes Watch Co., Inc. v. Commissioner, 2 Cir., 176 F.2d 211. There the court pointed out that the Act was primarily designed to insure that profit-sharing plans be operated for the welfare of the employees in general and to prevent the trust device from being used for the benefit of shareholders, officials or highly paid employees, and to insure that it shall be impossible for any part of the corpus or income to be used for purposes other than the exclusive benefit of the employees. These purposes are materialized in the present trust. That they should be liberally implemented is, we think, also the teaching of § 23(p). * * * If we are wrong in concluding that Regulation 111 is no bar to the exemption of the trust here involved and must be interpreted otherwise than as the Commissioner and the Tax Court interpreted it, then the regulation is itself invalid for the reasons set forth by the dissenting judges of the Tax Court with whose views we are in complete accord. An administrative regulation is entitled to respect but the authority to prescribe rules and regulations is not the power to make law, for no such power can be delegated by the Congress." We find ourselves in complete accord with the statement of the Sixth Circuit, and we feel that it is applicable to the issues raised in the case at bar.

Here the taxpayer made annual irrevocable contributions from its profits. All express requirements of the Code were met by the trusts in the case at bar. No-one was to obtain any benefit from the trusts except employee-beneficiaries. Although the Commissioner has authority to issue regulations for the enforcement of the revenue laws, such authority does not extend to the establishment of rules of substantive law creating presumptions of fact which are out of harmony with the statute involved. We think the finding by the Tax Court that the trusts herein materialized the purposes of the Code is not clearly erroneous, and moreover is entirely correct.

The decision of the Tax Court is affirmed.