### The McCLINTOCK–TRUNKEY CO., Petitioner,
### v.
### COMMISSIONER OF INTERNAL REVENUE, Respondent.
### No. 13782.

United States Court of Appeals
Ninth Circuit.
Dec. 7, 1954.

Lyle D. Keith, Spokane, Wash., George H. Klein, New York City, for appellant.

H. Brian Holland, Asst. Atty. Gen., Loring M. Post, Ellis N. Slack, A. F. Prescott, Robert B. Ross, Sp. Assts. to Atty. Gen., Charles W. Davis, Chief Counsel, Bureau of Internal Revenue, Washington, D. C., for appellee.

Before HEALY and ORR, Circuit Judges, and WIIG, District Judge.

HEALY, Circuit Judge.

This is an appeal from a Tax Court decision determining deficiencies in petitioner's income taxes for the fiscal years ending January 31, 1947 and January 31, 1948. The statute involved is § 23 (p)(1)(C), Title 26 of the Internal Reve-

nue Code, 26 U.S.C.A. § 23(p)(1)(C), relating to deductions from gross income of contributions of an employer to an exempt profit-sharing trust.[1]

The facts were in the main stipulated. Petitioner by action of its board of directors instituted an employee profit-sharing and benefit plan, effective January 31, 1944. The plan was submitted to the field office of the Bureau and after the making of certain amendments was approved. Petitioner's purpose was to give its employees the opportunity of receiving pensions at the time of retirement, thereby keeping them satisfied and decreasing the rate of employee turnover. Section 2.1 of the approved plan in part provided that petitioner might contribute an amount from its net profits of not less than 5% thereof or in any amount in excess of that percentage at the discretion of its board, but not in excess of 15% of the total compensation of the participants.

In 1946 amendments to the plan were prepared by petitioner's attorney and were adopted by its board, effective as of February 1 of that year. These amendments were submitted to and approved by the Commissioner. The amended section 2.1 provided for contributions of 5% of net profits, but not more than 15% of the total compensation of the participants, and stated that "Nothing herein contained shall prevent the Company from (1) amending the above formula for contributions * * * or (2) terminating the Plan and discontinuing the

making of further contributions * * provided that such discontinuance shall not have the effect of vesting any interest in the Company * * *." It will be noted that the amended provision omitted the words "not less than" 5% as set out originally.[2]

For the fiscal year ended January 31, 1947 petitioner's board by resolution made an irrevocable contribution to the trust in the sum of $18,507.48, equal to 10% of the compensation otherwise paid to the participants; and for the fiscal year ending January 31, 1948 its board by resolution made a like contribution of $16,907.86 or 7½% of the compensation otherwise paid participants. In each of the years the amount contributed was in excess of 5% of petitioner's net profits. (It was stipulated below that the amounts contributed were ordinary and necessary amounts.) Concededly, for those years statements were filed with the Bureau setting forth the determinations of the board as to the amounts contributed, the method of computation, and the manner in which the monies were applied for the benefit of the employees under the plan. The Commissioner allowed the contributions as deductions insofar as they did not exceed 5% of petitioner's net income, but disallowed the overplus as not having been paid under a plan previously adopted.

The Tax Court approved the Commissioner's determination, saying: "In Produce Reporter Co., 18 T.C. 69, we held that it was unnecessary under the

---

1. "§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

    * * * * * *

    "(p) Contributions of an employer to an employees' trust or annuity plan and compensation under a deferred-payment plan.

    "(1) General rule. If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, * * * such contributions or compensation shall not be deductible under subsection (a) but shall be deductible, if deductible under subsection (a) without regard to this subsection, under

this subsection but only to the following extent:

    * * * * * *

    "(C) In the taxable year when paid, if the contributions are paid into a stock bonus or profit-sharing trust, and if such taxable year ends within or with a taxable year of the trust with respect to which the trust is exempt under section 165(a), in an amount not in excess of 15 per centum of the compensation otherwise paid or accrued during the taxable year to all employees under the stock bonus or profit-sharing plan. * * *"

2. Petitioner's president testified below that the omission was unintended by its board and was due to inadvertence.

statute for a trust to include a 'definite, predetermined formula' for the measurement of the contributions, in order for the trust to be exempt under section 165 (a). That, of course, is not the present question. Whether or not the trust here involved was required to have a definite formula, it had one; and that is the formula which was exceeded by the payments in controversy." The Court went on to say that it was unnecessary to pass upon the validity of the regulations of the Commissioner requiring that a trust secure Commissioner approval before qualifying for exemption under § 165(a). "The fact is," said the Court, "that the present petitioner desired that approval and obtained it by inserting the provisions in question in the trust agreement."

■ We are unable to go along with this inverted course of reasoning. The plan itself permitted the petitioner to amend the formula for measurement of contributions at any time in its sole discretion. The reserved right was as much a part of the plan as any other of its provisions. The resolutions of petitioner's board fixing and directing contributions for the years in question were an appropriate if informal exercise of the power to amend, notwithstanding the word "amend" was not used in the resolutions. The desire of Congress in enacting § 165(a) of the Internal Revenue Code, 26 U.S.C.A. § 165(a), was to encourage the setting up of trusts of this nature. As has repeatedly been observed by the courts, the purpose of that statute was to insure that profit-sharing plans be operated for the welfare of employees in general and to prevent the trust device from being used for the benefit of shareholders, officials, or highly paid employees; and to insure that it shall be impossible for any part of the corpus or income to be used for purposes other than the exclusive benefit of employees. Tavannes Watch Co. v. Commissioner, 2 Cir., 176 F.2d 211; Lincoln Electric Co. Employees' Profit-Sharing Trust v. Commissioner, 6 Cir., 190 F.2d 326; Commissioner of Internal Revenue v. Produce Reporter Co., 7 Cir., 207 F.2d 586. That these purposes were materialized in the trust presently before us is undisputed; and as was remarked in Commissioner of Internal Revenue v. Produce Reporter Co., supra, the purposes are to be liberally implemented in applying the provisions of the integrated statute, § 23(p).

■ The Commissioner's argument for affirmance appears to rest not so much on the holding below as upon the provisions of section 29.165-1 of Treasury Regulations 111, providing in part that a profit-sharing plan must be "based on a definite predetermined formula for the determination of the profits to be shared." Apparently the Commissioner takes the further position that the formula employed must have prior departmental approval. We think neither contention is sustainable. In Lincoln Electric Co., supra [190 F.2d 330], the Tax Court had held with the Commissioner that to be exempt under § 165(a) a plan must be based on a definite predetermined formula for contributions, and must be a permanent as distinguished from a temporary program. The Sixth Circuit reversed the holding in both particulars, saying that § 165(a), and of necessity any regulation adopted for its implementation, must be interpreted in the light of the statutory scheme. It added that "the authority to prescribe rules and regulations is not the power to make law." And in Produce Reporter Co., supra, the court in affirming a holding of the Tax Court permitting the taxpayer's deductions of contributions, said, 207 F.2d at page 587: "Here the taxpayer made annual irrevocable contributions from its profits. All express requirements of the Code were met by the trust in the case at bar. No one was to obtain any benefit from the trusts except employee-beneficiaries. Although the Commissioner has authority to issue regulations for the enforcement of the revenue laws, such authority does not extend to the establishment of rules of substantive law creating presumptions

of fact which are out of harmony with the statute involved." The same situation obtains here, and in our view the same result is required.

The Commissioner says that Lincoln Electric Co. and Produce Reporter Co. were wrongly decided. However for reasons best known to himself he refrained from seeking the reversal of either by the Supreme Court. As already indicated we regard both cases as correctly stating the law. If what they stand for is good law, then the Tax Court's decision in the case before us can not justly or rationally be sustained.

Reversed.