KANE CHEVROLET CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57296. Filed June 8, 1959.

*Robert S. Judge, Esq.*, for the petitioner.
*Chester M. Howe, Esq.*, for the respondent.

598

 ██

OPINION.

OPPER, *Judge:* For present purposes we need not quarrel with the main thrust of respondent's regulations that—

[t]he term "plan" implies a permanent as distinguished from a temporary program. While the employer may reserve the right to * * * terminate the plan, and to discontinue contributions thereunder, if the plan is abandoned for any cause other than business necessity within a few years after it has taken effect, this will be evidence that the plan from its inception was not a bona fide program for the exclusive benefit of employees in general. * * * [Regs. 111, sec. 29.165–1(a).]

And indeed it is not clear that petitioner does so either.

The true question, at least before we reach the issue of the invalidity of the regulation, see *McClintock-Trunkey Co.* v. *Commissioner*, (C.A. 9) 217 F. 2d 329, reversing 19 T.C. 297, is whether petitioner's discontinuance of its plan within a year was as a matter of fact due to "business necessity." This is the only ground upon which respondent attacks the plan, and if petitioner sustains its burden of proof in this respect and thus demonstrates the bona fides of the arrangement, see *Blume Knitwear, Inc.*, 9 T.C. 1179, no other question will remain.

Respondent has himself thrown light on his interpretation of "business necessity" as being synonymous with "the existence of a valid reason for the termination." Mim. 6136, 1947–1 C.B. 58. See also Rev. Rul. 57–163, 1957–1 C.B. 128, 133. The evidence which is the basis for our factual and ultimate findings in this respect leaves little doubt that dissatisfaction with the plan existed among the very employees for whose benefit and goodwill the program was undertaken.[1] Lack of achievement of its objectives seems to us an entirely reasonable demonstration of "the existence of a valid reason for the termination." Our ultimate finding, accordingly, disposes of this issue in petitioner's favor. To reconcile an unexplained conflict in amounts,

*Decision will be entered under Rule 50.*

---

[1] Our ultimate finding to this effect, while not directly stated in the record, is an inference of fact drawn from the presentation of the argument of both parties and the evidentiary facts appearing in the record.