267 F.2d 853
 59-2 USTC P 9524
 WESLEY HEAT TREATING CO., Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
SPINDLER METAL PROCESSING CO., Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
WESLEY STEEL TREATING CO., Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 Nos. 12553-12555.
 United States Court of Appeals Seventh Circuit.
 June 17, 1959.
 
 Harvey W. Peters, Milwaukee, Wis., for petitioner.
 Charles K. Rice, Asst. Atty. Gen., Marvin W. Weinstein, Atty., Tax Division, U.S. Dept. of Justice, Washington, D.C. (Lee A. Jackson, A. F. Prescott, Marvin W. Weinstein, Attys., Department of Justice, Washington, D.C., on the brief), for respondent.
 Before SCHNACKENBERG, PARKINSON and CASTLE, Circuit Judges.
 PARKINSON, Circuit Judge.
 
 
 1
 The petitioning taxpayers, Wesley Heat Treating Co. (Heat), Spindler Metal Processing Co. (Metal), and Wesley Steel Treating Co. (Steel), all Wisconsin corporations having stockholders and officers in common, seek reversal of the decision of the Tax Court determining deficiencies in income, excess-profits and declared excess-profits tax for various years from 1942 to 1946, inclusive.[1]
 
 
 2
 The enactment of the 1942 Revenue Act gave rist to the controversy here. Prior thereto amounts contributed by employers to trusts for the benefit of employees were deductible under 23(a) or (p) of the 1939 Revenue Code, 26 U.S.C.A. 23(a, p). However, 23(p) was amended by the 1942 Act and several provisions were added, in part relevant here as follows:
 
 
 3
 '(1) * * * If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing, or annuity plan, or if compensation is paid or accrued on account of any employee under a plan deferring the receipt of such compensation, such contributions or compensation shall not be deductible under subsection (a)(23(a)) but shall be deductible * * * under this subsection but only to the following extent:
 
 
 4
 '(d) In the taxable year when paid, * * * if the employees' rights to or derived from such employer's contribution or such compensation are nonforfeitable at the time the contribution or compensation is paid.'
 
 
 5
 During the 1920's Steel inaugurated a profit-sharing program whereby the employees were paid a base salary and received extra compensation in the form of bonuses based upon a share of its profits. At the close of 1940 Steel, in addition to a current payment bonus plan, entered into a written trust agreement with certain named individuals as trustees wherein a trust fund was established for the benefit of such employees of the company as might be entitled to receive proceeds and avails thereunder in the sole judgment and discretion of the trustees and to be paid the following year or later to such employees of the company as the trustees saw fit to select. Similar trust agreements were executed at the close of each of the succeeding years in issue by Steel, Heat and Metal, the amount of profit to be shared having been determined by their respective officers prior thereto on the basis of estimated profit for the year. Other than the difference in amounts and dates, said trust agreements read as follows:
 
 
 6
 'Memorandum of Agreement made and entered into this 30th day of December, 1941, by and between the Wesley Steel Treating Company, hereinafter for convenience referred to as the Company, and Michael Strzeminski, Anna Gough, Catherine Hauer, Paul C. Hushek Arthur H. Nuesse, -----, -----, hereinafter for convenience referred to as the trustees.
 
 
 7
 'For and in consideration of the covenants hereinafter contained, the company does, coincident with the execution of this agreement, transfer and pay to the trustees the sum of Seventy-Five Thousand and no/100 ... Dollars ($75,000.00) dollars, the receipt of which is hereby acknowledged, to be held by the said trustees in trust for the benefit of the employees of the company for the following uses and purposes, to-wit:
 
 
 8
 'It is understood and agreed that the fund created and received by the trustees hereunder shall constitute an irrevocable trust and shall be used and administered for the benefit of such employees of the company as may be entitled to receive proceeds and avails hereunder in the sole judgment and discretion of the trustees.
 
 
 9
 'The funds held by the trustees shall from time to time, during the year 1942, if possible, and subject to the final clause of this paragraph be paid to such employees of the company as they may see fit to select, in such installments in such amounts as may in their discretion be advisable, provided however, that the entire trust fund of Seventy-Five Thousand and no/100 .......... ($75,000.00) dollars, shall be paid to said employees within and during the year 1942, unless in the judgment of the trustees it shall be inadvisable so to do by reason of extreme changes in the National economy, war, riot, civil commotion, or act of God, or other unusual circumstance.
 
 
 10
 'Payments made out of said trust fund to employees shall be considered to be in the nature of a bonus, and shall have no relation to any regular wage or pay scales of the company and shall not be in any manner construed to constitute any advance or alteration of any kind in any established wage scale.
 
 
 11
 'The trustees shall act without compensation for their services as such trustees, but they shall not be barred or restrained from sharing in any distribution of the proceeds of the trust fund as employees of the company, and any one of said trustees shall have full power and authority to disburse funds for the purposes hereinabove stated without joinder of the other trustees.
 
 
 12
 'Dated at Milwaukee, Wisconsin this 30th day of December, 1941.'
 
 
 13
 The petitioning taxpayers assert the contested issues to be as follows:
 
 
 14
 'Are petitioners, as accrual basis taxpayers, entitled to deduct as compensation, under Section 23(a) of the 1939 Revenue Code, amounts irrevocably provided in funds for distribution to employees, as additional compensation for services rendered in the year each fund was provided, where the actual distribution of such funds to employees was not completed until one, two or three years after the close of the year in which the fund was irrevocably provided?
 
 
 15
 'In the alternative, are petitioners entitled to deduct as compensation under Section 23(a) of the 1939 Revenue Code the amounts paid out of the funds in subsequent years when paid?'
 
 
 16
 The alternate issue merits only passing consideration. The taxpayers employed the accrual system of accounting. They so contended, the Commissioner so stipulated, and the Tax Court so found. Accordingly, if the taxpayers are entitled to the claimed deductions they would have to be allowed and taken in the respective years of the execution of the trust agreements and not in the years when the amounts were received by the benficiaries as selected and paid by the trustees. Dixie Pine Products Co. v. Commissioner, 1944,320 U.S. 516, 519, 64 S.Ct. 364, 88 L.Ed. 270.
 
 
 17
 As to the primary issue the taxpayers ground their claim to deductibility on the sole premise that the funds in dispute were for the payment of compensation for services rendered in the year each trust agreement was executed, but the issue, in the taxpayers' own terms, clearly establishes the fact that the compensation was not paid currently but payment was deferred for as long as three years in some instances. Therefore, it is self-evident from the taxpayers' own statement that they have deducted, under 23(a), funds not paid for services when rendered but accrued for payment long deferred.
 
 
 18
 To us the applicable provisions of the Code present a very clear and simple method of tax deductibility. If any employer pays compensation for personal services rendered during the same year, such payments are expenses deductible under 23(a). However, if compensation is paid or accrued on account of any employee under a plan deferring the receipt thereof it is not deductible under 23(a) but only under 23(p), if at all. If the rights of the employee to such deferred payment compensation are nonforfeitable, the employer can deduct pursuant to 23(p)(1)(D), but if the rights of the employee to the deferred payment compensation are forfeitable the employer can claim no deduction whatsoever.
 
 
 19
 The case of Commissioner of Interal Revenue v. Produce Reporter Co., 7 Cir., 1953, 207 F.2d 586, cited by taxpayers, is of no aid here. We there decided that the two profit-sharing trusts in question were exempt trusts within the purview of 165(a). That was the only question before this Court. There was another question before the Tax Court, i.e., whether bonuses in exact specified amounts as to each employee, authorized and accrued in one year and paid in the next year, were deductible in the year of accrual or the year of payment. No question of forfeitability of the rights of any employee to the bonus was presented or decided. The Tax Court, 18 T.C. 69, 77, held that the taxpayer being on the accrual basis of accounting, could deduct in the year of accrual as the obligation to pay the specific bonuses to the named employees was then incurred.
 
 
 20
 We fail to understand why the taxpayers have cited and rely upon our opinion in Produce Reporter. They do not contend that the trust agreements here were exempt under 165(a). However, when 165 and 23 are considered together again the pattern is elementary and concise. Where a plan is embodied in a trust agreement and the agreement complies with the requirements of 165(a) contributions of the employer are deductible not under 23(a) but under 23(p) and then to the extent allowable in 23(p)(1)(A), (B) or (C), irrespective of whether the employees' rights are or are not nonforfeitable. If and when the employee receives the benefits he is taxable therefor under 165(b). However, where the plan is embodied in a trust agreement which is not exempt under 165(a), which is the identical situation here, the employer's contribution is deductible under 23(p)(1)(D) only if the employees' rights are nonforfeitable and then the amounts are taxable at that time to the employee under 165(c). This comports with the legislative plan that, in any year, the contribution cannot be nontaxable and also deductible.
 
 
 21
 The Tax Court found that the rights of the employees under the trust agreements were not nonforfeitable. Such finding is adequately supported by the record for the reason that 'there are no provisions in the trust instruments which vest nonforfeitable rights in petitioners' individual employees and petitioners concede that once an employee left their employ he forfeited his rights to receive any future payments from the trusts.' Accordingly, under the taxpayers' own theory that their plan was one for deferment of payment of compensation it is clear that the Tax Court was correct when it held that the trust agreements constituted 'a plan deferring receipt of compensation within the meaning of 23(p), as amended, and, inasmuch as the employees' rights * * * were not nonforfeitable', taxpayers were barred by 23(p)(1)(D).
 
 
 22
 The decision of the Tax Court is affirmed.
 
 
 
 [1]
 30 T.C. 10