OPINION. Fay, Judge: The respondent contends that the petitioner is not entitled to a deduction in 1957 for the contribution made to the profit-sharing trust for the year 1957 because it was paid neither in that year nor within the period prescribed in section 404(a) (6) of the Internal Revenue Code of 1954. Section 404(a) provides, in part, as follows: If contributions are paid by an employer to or under a * * * profit-sharing * * * plan, * * * they shall be deductible under this section, subject, however, to the following limitations as to the amounts deductible in any year: ******* (3) Stock bonus and profit-sharing trusts.— (A) Limits on deductible contributions. — In the taxable year when paid, if the contributions are paid into a stock bonus or profit-sharing trust, * * * ******* (6) Taxpayers on accrual basis. — * * * a taxpayer on the accrual basis shall be deemed to have made a payment on the last day of the year of accrual if the payment is on account of such taxable year and is made not later than the time prescribed by law for filing the return for such taxable year (including extensions thereof.) The petitioner, on the other hand, contends that section 404 of the Internal Revenue Code of 1954 does not apply to contributions under a plan which has been terminated and therefore does not apply to its final contribution to the trust. We must agree with the respondent. We cannot agree with, the petitioner’s assumption that its obligation to set aside a portion of its yearly profits for its employees, a duty which was terminated in 1957, is the “plan” which is referred to in section 404. Section 404 applies to “contributions * * * paid * * * under a * * * profit-sharing * * * plan.” At first glance it would seem that the “profit-sharing * * * plan” referred to in the statute would mean a program by which an employer gives to his employees some share of his profits on a continuing basis. This, however, is not the meaning of the term as used in that section. In Produce Reporter Co., 18 T.C. 69 (1952), affd. 207 F. 2d 586 (C.A. 7, 1953), this Court held that sums paid under a current payment profit-sharing plan (“i.e. where the amount of the bonus is determined toward the end of one year and payments to the employees are made during the year following,” Wesley Heat Treating Co., 30 T.C. 10, 23 (1958), affd. 267 F. 2d 853 (C.A. 7, 1959)), were deductible as ordinary and necessary business expenses. Deductibility of the payments in that case was not limited by section 23 (p) of the Internal Revenue Code of 1939, the predecessor of section 404. The Commissioner has ruled that section 404 is not applicable to a current payment profit-sharing plan, Rev. Rul. 57-88,1957-1 C.B. 88. Thus, it is clear that a scheme under which an employer gives some of his profits to his employees is not alone or in itself a “profit-sharing plan” in the sense in which that term is used in section 404. Since this is so, it must be concluded that the term “profit-sharing * * * plan” as used in section 404 means the plan under which profits that have been set aside by an employer are to be distributed to his employees on a deferred basis. In this sense, the plan here in question was not terminated in 1957. Since there was no evidence that the plan was ever amended, we must conclude that the plan was not terminated until the trust was liquidated. There is no doubt that the plan as originally written was subject to the provisions of section 404. Therefore, since the contribution which the petitioner seeks to deduct was made prior to the liquidation of the trust, it must be considered a contribution paid under a profit-sharing plan within the meaning of section 404 and subject to all of the limitations of that section. The petitioner’s return was due and filed on March 15, 1958, and its contribution to the trust was made on April 2,1958, which was not within the time limits prescribed in section 404. Thus, it is not entitled to a deduction for the contribution in 1957. Decision will be entered for the respondent.