COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

PACIFIC AFFILIATE, Inc., a corporation, Respondent.

PACIFIC AFFILIATE, Inc., a corporation, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14111.

United States Court of Appeals Ninth Circuit.

July 20, 1955.

---

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Melva M. Graney, A. F. Prescott, Spe. Assts. to Atty. Gen., Kenneth W. Gemmill, Acting Chief Counsel, Internal Revenue Service, Washington, D. C., for petitioner.

George H. Koster, Bayley Kohlmeier, San Francisco, Cal., for respondent.

Before HEALY and POPE, Circuit Judges, and LINDBERG, District Judge.

PER CURIAM.

This is an appeal from a decision of the Tax Court, 18 T.C. 1175, in a case involving the excess profits tax statute. The Court sustained certain of the Commissioner's deficiency assessments and overruled others. Both the taxpayer and the Commissioner have appealed.

The decision below was by the full membership of the Court and was without dissent except as to one relatively minor matter. It represents a well-considered effort to resolve points all of which are debatable. We are not persuaded that the Court was wrong in any particular.

One matter, however, should be noticed specifically. A question ruled on by the Court was whether the Commissioner erred in reducing invested capital, as of the beginning of 1944, by the amount of income and excess profits tax deficiencies determined therein for the year 1943. The Court in upholding the Commissioner in this respect adhered to its earlier ruling in Stern Brothers & Co., 16 T.C. 295. It is suggested that doubt may be cast on the validity of that ruling by the recent decision in Lewyt Corporation v. Commissioner, 349 U.S. 237, 75 S.Ct. 736, handed down May 23, 1955.

In Stern Brothers & Co. the Tax Court recognized and considered the contention urged by the taxpayer here. It held that the rule announced and followed in Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 420, and Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725 that a tax which is being contested does not accrue until liability therefor is finally determined was not applicable when the purpose of the accrual of the tax is to reflect the amount of a corporation's accumulated earnings and profits at the beginning of a taxable year for invested capital credit purposes. Judge Hill, in writing for the Tax Court, stated:

"Petitioner's argument is based upon a *failure to distinguish the accrual of Federal income and excess profits taxes called for by Regulations 112, section 35.718–2(a) from the more usual accrual for purposes of deduction from, or inclusion in, income.* The accrual of these taxes results in no deductible expense in computing taxable income. The sole reason for the accrual of such taxes

**580**

is to properly reflect the amount of a corporation's accumulated earnings and profits at the beginning of a taxable year for invested capital credit purposes. If accumulated earnings and profits at the start of any taxable year are to show the true financial status of an accrual basis taxpayer, an adjustment must be made for income and excess profits taxes arising in the preceding year. Thus the accrual called for by this subsection of the Regulations is simply an adjustment to accumulated earnings and profits.

"To effectuate the required adjustment, income and excess profits taxes must be accrued by an accrual basis taxpayer in the year they arose regardless of whether its liability therefor became definite and ascertainable in amount in that year or a subsequent year. The fact that liability for either or both taxes is contested does not postpone accrual of liability to a later year. To hold otherwise and invoke the rule that a contested tax is accruable only in the taxable year when liability is finally determined would completely defeat the purpose of the Regulation. Thus by simply contesting liability for income and excess profits taxes a taxpayer could postpone their accrual until after the year in which they arose, and its accumulated earnings and profits for the succeeding year would never be diminished by the amount of these taxes." [Emphasis supplied.]

Lewyt, supra, in no respect challenges the distinction made by the Tax Court. In Lewyt the Supreme Court affirmed the Court of Appeals so far as it followed the rule of Dixie Pine Co. v. Commissioner, supra, and Security Mills Co. v. Commissioner, supra. The primary issue involved in the tax litigation there was the interpretation and application of 26 U.S.C. § 122(d) (6) in computing net operating loss *deductions from income*. The opinion of the Supreme Court in reversing in part the decision of the

lower court as well as the dissenting opinion of Justice Frankfurter clearly indicates that the decision should be narrowly confined to an interpretation of the *statutory language* of said section 122(d) (6) of the Internal Revenue Code. We are of the opinion that the decision does not lessen the validity of the distinction made by the Tax Court in not applying the rule of Dixie Pine Co. and Security Mills Co., supra, when dealing with the accrual of federal income and excess profits taxes called for by Treasury Regulation 112, Section 35.718–2(a).

Accordingly, on the grounds and for the reasons given by the Tax Court, its order is affirmed.