**LADISH COMPANY, a corporation, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 13505.**

United States Court of Appeals Seventh Circuit.

March 29, 1962.

Rehearing Denied April 27, 1962.

———◆———

Thomas J. Donnelly, Jr., Bernard V. Brady, Elwin J. Zarwell, Samuel J. Recht, Milwaukee, Wis., for plaintiff-appellant; Brady, Tyrrell & Bruce, Milwaukee, Wis., of counsel.

James B. Brennan, U. S. Atty., Milwaukee, Wis., Louis F. Oberdorfer, Asst. Atty. Gen., Douglas A. Kahn, Atty., Tax Division, Dept. of Justice, Lee A. Jackson, Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

Plaintiff, a Wisconsin corporation, seeks a refund of $14,864.30, part of the tax paid by it for the year 1951 under the Excess Profits Tax Act of 1950.[1] The District Court dismissed the suit and plaintiff has appealed.

The Excess Profits Tax Act of 1950 was adopted in aid of prosecution of the Korean War. In it Congress selected for the additional tax, corporations whose profits were higher because of the large military budget due to the conflict. H.R. Rep. No. 3142, 2 U.S.Code Cong.Serv., pp. 4027–4028 (1950). The Act provides for a "credit" representing what would be normal corporate income in the absence of hostilities and a percentage of net additions to capital.[2] This credit is subtracted from the normal tax net income of the corporation and the resulting figure is that upon which the excess profits tax is imposed.[3] Congress passed the Act[4] January 2, 1951 and the President signed it the following day. The Act imposed the tax retroactively to cor-

---

1. Act Jan. 3, 1951, ch. 1199, 64 Stat. 1137.

2. The purpose of the Act was twofold; to tax excessive income and to encourage capital expansion. H.R.Rep. No. 3142, 2 U.S.Code Cong.Serv., p. 4028 (1950).

3. Relation to corporate income tax
   The excess profits tax * * * is computed as an additional tax over and above the corporate income tax. * * *
   In general the computation of the excess profits tax is as follows:
   (a) First, the income tax is imposed on the entire amount of taxable net income.
   (b) Second, the normal tax net income, after certain adjustments is reduced by the excess profits credit (that is, the portion of the corporation's income which for the purposes of this tax is considered normal) and any unused excess profits credit carried forward or back to the taxable year. The result is called the adjusted excess profits net income.
   (c) Third, an additional tax * * * is imposed on this adjusted excess profits net income. H.R.Rep. No. 3142, 2 U.S. Code Cong.Serv. p. 4030 (1950).

4. H.R. 9827. After passage in one house, a bill is designated an "Act." See Price & Bitner, Effective Legal Research, 41 (1956).

porations whose fiscal year ended after June 30, 1950.

Plaintiff in 1950 and 1951 was a calendar year, accrual basis taxpayer. In computing its excess profits credit for 1951, plaintiff failed to reduce its equity capital,[5] in establishing a base for calculating its 1951 net additions to capital, by the amount of its excess profits tax for 1950. The Commissioner of Internal Revenue recomputed the credit by making the deduction, as of January 1, 1951. The effect was to decrease plaintiff's equity capital and decrease its excess profits credit in an amount which increased its tax liability by the amount sought in this suit.

The Commissioner's recomputation was made pursuant to Treasury Regulation 130.[6] The District Court decided that the Regulation was a reasonable interpretation of the Act, and by dismissing plaintiff's suit sustained the recomputation.

The question is whether Regulation 130 could validly authorize the Commissioner to take into account as of January 1, 1951 a tax liability created in the Excess Profits Act of 1950, enacted January 3, 1951.

The tax was not in existence during the calendar year 1950 nor on January 1, 1951. The Act, however, provides as a step in computing the credit the determination of equity capital "at the beginning of" the taxable year. Section 437 (c), 64 Stat. 1157–1158. In 1954 Regulation 130 was adopted interpreting the Act.

Plaintiff contends that Regulation 130 is invalid because it directs a circumvention of the "statutory instant in time" by taking into consideration "at the beginning" of 1951 the tax liability created in the Act signed by the President on January 3. It argues that the regulation violates the "all events" and "contested tax" tests established by the Supreme Court. Lewyt Corp. v. Commissioner, 349 U.S. 237, 75 S.Ct. 736, 99 L. Ed. 1029 (1955); Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S. Ct. 596, 88 L.Ed. 725 (1944); Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270 (1944); Commissioner of Internal Revenue v. Fifth Avenue Coach Lines Inc., 2d Cir., 281 F.2d 556 (1960), cert. denied 366 U.S. 964, 81 S.Ct. 1915, 6 L.Ed.2d 1256 (1961); Memphis Transit Co. v. United States, Ct.Cl., 297 F.2d 542 (1961). If "all events" necessary to accrual of liability existed in a taxable year, subsequent events have no effect on the accrual. If a tax, or part of a tax, is "contested" it should not be accrued until final determination of the contest.

We consider the tests applied in those cases inapplicable to the case at bar. In them the questions, even if involving excess profits taxes, concerned deductions from or inclusions in taxable income. We think the court in Commissioner of Internal Revenue v. Pacific Affiliate Inc., 9 Cir., 224 F.2d 578 (1955), cert. denied 350 U.S. 967, 76 S.Ct. 437, 100 L.Ed. 840 (1956), in discussing a regulation similar to 130, correctly pointed out a distinction, valid in the case at bar, between

---

5. Excess Profits Tax Act of 1950, § 437 (c), 64 Stat. 1157–1158, 26 U.S.C.A. Excess Profits Taxes, § 437(c). The equity capital "at any time" is total assets minus total liabilities.

6. Treas.Reg. 130 § 40.437–5(c) (2) (1954), as amended, T.D. 6065, 1954–1 Cum.Bull. 163. "In computing liabilities as of the beginning of the taxable year, a taxpayer keeping its books and making its income tax returns on the accrual basis shall * * * treat as a liability the Federal income and excess-profits taxes imposed for the preceding taxable year * * *. The provisions of the Excess Profits Tax Act of 1950 shall be taken into account for this purpose in determining the income and excess profits tax for taxable years ending after June 30, 1950. In general, changes in the Federal income and excess-profits tax laws applicable to a taxable year, enacted after the close of such year, will be taken into account in determining liabilities if the last date prescribed for filing the return for such year is subsequent to the date of enactment of such changes."

the questions in the above-mentioned cases and situations covered by Regulation 130.

Here we have not a question of inclusion in or deduction from 1950 taxable income. The problem here was to establish equity capital as a basis for determining plaintiff's excess profits credit, for computation of its 1951 taxes. Plaintiff contends that the Act outlines an accounting procedure that is arbitrary and abnormal. Mid-Southern Foundation v. Commissioner, 6 Cir., 262 F.2d 134 (1958), and must be strictly followed. In Mid-Southern the court followed the procedure to arrive at a minus equity capital figure, a "break through" the normal accounting floor of zero.

We are not persuaded that Congress intended to fix the term "at the beginning" with such precision as plaintiff urges. We agree with the reasoning of the Tax Court in American Enka Corp., 30 T.C. 684 (1958) and apply it to the case at bar to state that it was "necessary" to do what Regulation 130 directs in establishing equity capital at January 1, 1951, that is, to make adjustment for the retroactively imposed excess profits tax liability created in the Act. That decision was followed by the Tax Court in Kimble Glass Co., 35 T.C. 1238 (1961) which relied on, among other grounds, the distinction mentioned hereinabove, made in Commissioner of Internal Revenue v. Pacific Affiliate Inc., 9 Cir., 224 F.2d 578 (1955). We note that both Enka and Kimble Glass pointed out that the taxpayers there had ample time after the tax was created in which to adjust their liabilities to accommodate that tax. The same is true of plaintiff here.

Congress could not have intended, when it passed the Act, to set an inflexible point in time. It intended to create the tax liability retroactively in order to secure the 1951 excess profits tax. This required the doing of what Regulation 130 directed and what the Commissioner did in recomputing plaintiff's return.

Plaintiff has not shown any "weighty reasons," Fawcus Machine Co. v. United States, 282 U.S. 374, 378, 51 S.Ct. 144, 75 L.Ed. 397 (1931) for finding Regulation 130 invalid. We conclude that the District Court judgment, based on Regulation 130, is correct and it is hereby affirmed.