## DIXIE PINE PRODUCTS CO. *v.* COMMISSIONER OF INTERNAL REVENUE.

No. 84. Argued December 14, 15, 1943.—Decided January 3, 1944.

*Mr. T. J. Wills* for petitioner.

*Mr. Arnold Raum,* with whom *Solicitor General Fahy, Assistant Attorney General Samuel O. Clark, Jr., Mr. Sewall Key,* and *Mrs. Maryhelen Wigle* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The question presented concerns the propriety of the respondent's disallowance of a deduction from income which petitioner took in its federal income tax return for 1937.

In 1936 the Mississippi taxing authorities declared that a solvent used by petitioner in its business was gasoline within the meaning of a state law defining gasoline and laying a tax upon its receipt and use. Accordingly a tax was assessed against the petitioner with respect to the receipt and use of the solvent in 1936. Petitioner paid the tax, and, in the same year, brought suit against the Motor Vehicle Commissioner of Mississippi alleging that the solvent was not within the comprehension of the state law and that the Commissioner should be temporarily and permanently enjoined from future collections of tax in respect of it. The Commissioner's demurrer to the complaint was sustained but, on appeal, the Supreme Court of Mississippi decided that, on the pleadings, the solvent was not within the definition of gasoline contained in the state statute. After this decision petitioner denied that it owed, and ceased and refused to pay, any gasoline tax on solvent used by it.

In December 1937, on advice of counsel, petitioner (which kept its books and filed its federal income tax returns on the accrual basis) made book entries accruing gasoline tax assessed by the Motor Vehicle Commissioner in 1937. The actual accrual entries were made sometime between January 1 and March 15, 1938, as of December 31,

1937, in the amount of approximately $21,000, and petitioner deducted this amount from income in making its 1937 federal income tax return, although the sum had not been, and never was, paid.

In December 1938 petitioner and the Attorney General of Mississippi filed an agreed statement of facts in the state court suit, and, in the same month, the trial judge entered a final decree perpetually enjoining the Motor Vehicle Commissioner from assessing gasoline tax on the solvent used by petitioner. This decree was subsequently affirmed by the Supreme Court of Mississippi. In its 1938 federal income tax return petitioner, by way of compensating entry, included the sum of $21,000 as income and as a recovery, in view of the Mississippi trial court's decree of December 1938.

The sole question is whether the Commissioner was right in disallowing the deduction for the tax year 1937. The Board of Tax Appeals held that he was,[1] and the court below affirmed its decision.[2] We took the case because of a conceded conflict in principle with decisions in other circuits.[3]

Section 23 (c) of the Revenue Act of 1936[4] permits the deduction from gross income of taxes "paid or accrued within the taxable year." Sections 41, 42, and 43 make provision for tax accounting on the accrual basis, where the taxpayer keeps his books on that principle, provided his method clearly reflects his income in any taxable year.

The provisions of the Revenue Act of 1936 worked no significant change over earlier Acts respecting the permissible basis of calculating annual taxable income. The applicable principles of accounting on the accrual basis had

[1] 45 B. T. A. 286.

[2] 134 F. 2d 273.

[3] *Commissioner* v. *Central United National Bank,* 99 F. 2d 568; *J. A. Dougherty's Sons* v. *Commissioner,* 121 F. 2d 700; *Davies' Estate* v. *Commissioner,* 126 F. 2d 294.

[4] 49 Stat. 1648, 1659.

been adduced and applied by the Board of Tax Appeals in numerous decisions.[5] It has never been questioned that a taxpayer who accounts on the accrual basis may, and should, deduct from gross income a liability which really accrues in the taxable year.[6] It has long been held that in order truly to reflect the income of a given year, all the events must occur in that year which fix the amount and the fact of the taxpayer's liability for items of indebtedness deducted though not paid;[7] and this cannot be the case where the liability is contingent and is contested by the taxpayer.[8] Here the taxpayer was strenuously contesting liability in the courts and, at the same time, deducting the amount of the tax, on the theory that the state's exaction constituted a fixed and certain liability. This it could not do. It must, in the circumstances, await the event of the state court litigation and might claim a deduction only for the taxable year in which its liability for the tax was finally adjudicated.[9]

To this effect are the decisions of the Board of Tax Appeals in numerous cases, and the instant decision was in line with earlier rulings as to proper tax accounting practice. Since the Board applied the correct rule of law, its determination that the item in question was not properly deducted on the accrual basis is entitled to the finality indicated by *Dobson* v. *Helvering, ante,* p. 489. The court below properly refused to disturb the Board's determination.

*Affirmed.*

---

[5] See *Lucas* v. *American Code Co.,* 280 U. S. 445, notes 1 and 3, pp. 450, 452.

[6] *United States* v. *Anderson,* 269 U. S. 422; *American National Co.* v. *United States,* 274 U. S. 99; *Niles Bement Pond Co.* v. *United States,* 281 U. S. 357; *Aluminum Castings Co.* v. *Routzahn,* 282 U. S. 92; cf. *Continental Tie & Lumber Co.* v. *United States,* 286 U. S. 290.

[7] *United States* v. *Anderson, supra,* 441.

[8] *Lucas* v. *American Code Co., supra,* 450, 451.

[9] Cf. *Brown* v. *Helvering,* 291 U. S. 193.