*Decision will be entered under Rule 50.*

STANARD-TILTON MILLING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108582. Promulgated June 23, 1944.

*Claude W. Dudley, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

**OPINION.**

KERN. *Judge*: The first issue, as we have already indicated, is whether petitioner is entitled to deduct from its gross income for the year ended June 30, 1935. amounts paid in 1937 to the vendees by way of reimbursement to them of processing taxes which were included in the prices charged to its vendees but which were not paid by it. The parties have stipulated that the decision of the Supreme Court in *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, is dispositive of this issue. Therefore, on the authority of that decision we decide this issue in favor of respondent.

The second issue is whether petitioner is entitled to deduct from its gross income for the year ended June 30, 1935. the amount of certain processing taxes which were paid by it in that year, but which,

as respondent contends, were, in effect, refunded to it in 1940 by reason of their being credited in that year against unjust enrichment taxes agreed to be owing by petitioner. Petitioner contends that the settlement made in 1940 under section 506 of the Revenue Act of 1936 was indivisible and that the respondent can not go behind the settlement to restore any item to income for 1935 which was taken into consideration in reaching the settlement, citing *Commissioner* v. *Security Flour Mills Co.*, 135 Fed. (2d) 165; affirmed on other issues by the Supreme Court in *Security Flour Mills Co.* v. *Commissioner*, *supra*. Respondent, on the other hand, contends that the 1940 agreement under section 506 was divisible and that it can be clearly demonstrated that, in effect, a refund had then and thereby been given to petitioner of $32,609.35 out of processing taxes of $525,745.58 paid and deducted in 1935. Respondent urges that under the facts shown the deduction taken by petitioner in 1935 in the amount of $525,745.58 should be reduced by the amount of $32,609.35, since, although the petitioner paid processing taxes in the greater amount, some part of this was, in effect, refunded in 1940 to petitioner, and, therefore, the amount of the deduction properly taken in 1935 should be adjusted by the amount of the refund granted in the later years, citing *E. B. Elliott Co.*, 45 B. T. A. 82.

Even though we should agree with respondent's contention with regard to the divisible nature of the settlement made by the parties in 1940 under section 506, we are not able to come to the conclusion urged by him and toward which the *Elliott* case points, for we consider that the application of the principle of the *Elliott* case to the situation here presented is precluded by the recent pronouncement of the Supreme Court in *Security Flour Mills Co.* v. *Commissioner*, *supra*.

The third issue is whether petitioner is entitled to deduct from its gross income for the taxable year the amount of processing taxes accrued by it but which were not paid, which were contended by it to be not payable and which were held by the Supreme Court to have been imposed by an unconstitutional statute. Under the authority of *Security Flour Mills Co.* v. *Commissioner*, *supra*, and *Dixie Pine Products Co.* v. *Commissioner*, 320 U. S. 516, we decide this issue in favor of respondent.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

TURNER, *J.*, dissenting: I am unable to agree with the majority that the decision of the Supreme Court in *Security Flour Mills Co.* v. *Commissioner*, 321 U. S. 281, requires the allowance of the deduction claimed by the petitioner under the second issue. In *Security Flour Mills*, when decided by us, there was an issue in all material respects similar to that appearing in the second issue here, but that issue did

not go to the Supreme Court, was not discussed there, and was not decided. What the Supreme Court did was to reaffirm what it had previously held in *Dixie Pine Products Co.* v. *Commissioner*, 320 U. S. 516, to the effect that a taxpayer "who accounts on the accrual basis" may not accrue and deduct "a tax, liability for which the taxpayer denies, and payment whereof he is contesting." The Court further said that the refunding in a subsequent year by petitioner to its vendees of an amount equal to that included in the selling price for processing tax supplied no basis for applying section 43 of the Revenue Act of 1934 so as to allow as a deduction for the year of the sale the amounts refunded in the subsequent year, the full amounts received from customers having been received as the selling price of the processed commodities and no part thereof having been designated "as representing the tax."

The deduction dealt with in the second issue is claimed as "taxes paid," yet we know that the amount in question, even though paid, was not a tax but an unconstitutional exaction of an amount as a tax, that the payor was at all times entitled to recover, was strenuously engaged in proceedings for recovery, and did in fact recover, the amount collected. Just as in *Security Flour Mills*, where the amounts which were impounded were later held not to constitute a tax and were returned to petitioner, so were the amounts here involved. To say that we are required to hold that amounts illegally and unconstitutionally collected as a tax are "taxes paid" and therefore deductible because the Supreme Court has said that where there was denial of liability and contest of payment of an asserted tax there was no accrual and therefore no allowable deduction, is, to me, very strange reasoning. Such however, it seems to me, is the effect of holding that *Security Flour Mills* is decisive of the second issue here. I accordingly note my dissent.

Mellott, *J.*, agrees with this dissent.