Tukner, J„ dissenting: I am unable to agree with the majority that the decision of the Supreme Court in Security Flour Mills Co. v. Commissioner, 321 U. S. 281, requires the allowance of the deduction claimed by the petitioner under the second issue. In Security Flowr Mills, when decided by us, there was an issue in all material respects .similar to that appearing in the second issue here, but that issue did not go to the Supreme Court, was not discussed there, and was not decided. What the Supreme Court did was to reaffirm what it had previously held in Dixie Pine Products Co. v. Commissioner. 320 U. S. 516, to the effect that a taxpayer “who accounts on the accrual basis” may not accrue and deduct “a tax, liability for which the taxpayer denies, and payment whereof he is contesting.” The Court further said that the refunding in a subsequent year by petitioner to its ven-dees of an amount equal to that included in the selling price for processing tax supplied no basis for applying section 43 of the Revenue Act of 1934 so as to allow as a deduction for the year of the sale the amounts refunded in the subsequent year, the full amounts received from customers having been received as the selling price of the processed commodities and no part thereof having been designated “as representing the tax.” The deduction dealt with in the second issue is claimed as “taxes paid,” yet we know that the amount in question, even though paid, was not a tax but an unconstitutional exaction of an amount as a tax, that the payor was at all times entitled to recover, was strenuously engaged in proceedings for recovery, and did in fact recover, the amount collected. Just as in Security Flour Mills, where the amounts which were impounded were later held not to constitute £L tax and were returned to petitioner, so were the amounts here involved. To say that we are required to hold that amounts illegally and .unconstitutionally collected as a tax are “taxes paid” and therefore ■deductible because the Supreme Court has said that where-there was Renial of liability and contest of payment of an asserted tax there was no accrual and therefore no allowable deduction, is, to me, very strange reasoning. Such however, it seems to me, is the effect of holding that Security Flour Mills is decisive of the second issue here. I accordingly note my dissent. Mellott, 17., agrees with this dissent.