OPINION. HaRRON, Judge: Issue 1. The parties disagree as to the true nature of a payment of $61,000 which the petitioner made in 1946. The petitioner contends that the payment represented unpaid compensation for the services of its former president, Albert Hansen, and that as such it is a deductible business expense under section 23 (a) (1) (A). The respondent has taken the view that the payment constituted divi-dencls which, of course, are not deductible. There is no dispute between the parties with respect to the facts, and the respondent does not deny that if the payment of $01,000 represented compensation for the services of Albert Hansen, deceased, the petitioner’s obligation to make such payment did not arise and did not become fixed prior to 1946. The respondent cites no authority for his position which is in point. The problem is solely one of construing the facts under a decree of a California court in litigation instituted by Virginia Hansen Vincent. We believe that a true interpretation of the entire order of the California Superior Court is as follows: (a) Under its holding that Virginia Hansen Vincent was the true and lawful owner of all of petitioner’s stock upon the death of her father, Oscar Hansen, and that she was entitled to all of the dividends which had been paid on the stock after his death, the estate of Albert Hansen became obligated not only to deliver the stock of petitioner to Virginia Hansen Vincent but also to make restitution to her of all of the dividends in the amount of $61,000. (b) Also, that the petitioner became obligated under the court’s decree to pay to the personal representatives (his estate) of Albert Hansen, deceased, $61,000, in 1946, as additional compensation for services rendered to the corporation by Albert Hansen during his lifetime, over and above all of the compensation which the petitioner had paid to Albert Hansen. (c) The court decreed that these obligations of the estate of Albert Hansen to Virginia Hansen Vincent, and of the petitioner to the estate of Albert Hansen, should be discharged in a way that is ordinarily described as a compound novation. The court directed that the petitioner should not sue the estate to make restitution of the dividends, but the court also decreed that the estate of Albert Hansen was entitled to have $61,000. The respective obligations were discharged by petitioner’s assumption of the estate’s obligation to pay $61,000 to Virginia Hansen Vincent in restitution of dividends which had been improperly paid to Albert Hansen and his estate, instead of to Virginia Hansen Vincent. It follows that the estate constructively received in 1946 $61,000 compensation for Albert Hansen’s services and that it made restitution of $61,000 dividends to Virginia Hansen Vincent through the petitioner under the novation which was effected by the Superior Court’s order. Under our construction of the facts we have found, therefore, that the petitioner in 1946 for the first time discharged its obligation to pay an additional $61,000 compensation for the services of Albert Hansen, deceased. We hold, therefore, that the petitioner is entitled to deduct in 1946 as a business expense, under section 23 (a) (1) (A), the sum of $61,000. Lucas v. Ox Fibre Brush Co., 281 U. S. 115: Dixie Pine Products Co. v. Commissioner, 320 U. S. 516; Security Flour Mills Co. v. Commissioner, 321 U. S. 281. Issue The Superior Court also found that the petitioner had not paid Oscar Hansen part of his salary in the amount of $2,250 for his services during the 3-month period preceding his death in 1929, and it ordered the petitioner to make payment to Virginia Hansen Vincent of that amount. The question is whether the payment of $2,250 is deductible in 1946 as a business expense under section 23 (a) (1) (A). Unlike the situation under the first issue, the petitioner was obligated by the resolution of its board of directors to pay Oscar additional salary of $750 during each of the 3 months preceding his death in 1929. It had knowledge of all the facts on which an accrual could be based in 1929. United States v. Anderson, 269 U. S. 422. We recognize the “contested liability” rule, Dixie Pine Products Co., sufra, and Security Flour Mills Go., sufra, as it pertains to the time for accrual. Although the petitioner might have denied liability to pay Oscar the sum of $2,250, the evidence does not show that the petitioner’s failure to' make such payment was anything more than capricious. We do not know why petitioner failed to pay Oscar Hansen $2,250, but the record here leaves no doubt that the petitioner was unequivocally obligated to pay the additional compensation of $2,250 in 1929. Prior to Oscar’s purchase of the petitioner’s common stock from Quinn in 1927, the petitioner’s board of directors had adopted a resolution increasing Oscar’s salary by $750 per month. There is no evidence that this action of the board was later invalidated or revoked. Instead, the inference is to the contrary because the reason for the increase in salary existed at Oscar’s death. That is to say, he had not completed, at that time, payment of the monthly installments of $750 to Quinn for the purchase of the stock. The petitioner stresses the fact that it did not record on its books any liability to Oscar Hansen for the amount in question. By not accruing the liability for the additional compensation on its books, the petitioner did not relieve itself of the obligation to make payment. The absence of book entries is not decisive of the question. Texas Co. (South America) Ltd., 9 T. C. 78. The liability of the petitioner for the amount of $2,250 became fixed in 1929. The respondent’s determination with respect to this item is sustained, and deduction of $2,250 in 1946 is disallowed. Issue 3. The last two items in dispute are those which the petitioner paid to Virginia under the decree of the Superior Court. They are of similar nature and can be considered together. One item of $5,000 is the amount of a loan made by Oscar Hansen to the petitioner. The petitioner did not credit on its books the amount of $5,000 to Oscar’s account, nor did it discharge its obligation to pay such amount to Oscar or his estate prior to 1946. The other item, in the amount of $1,500, is the amount by which the petitioner arbitrarily debited Oscar’s account and credited his mother’s account on its books after his death. The question is whether the payment in 1946 of these two items totaling $6,500, as directed by the court’s order, is deductible as loss under section 23 (f). It is the contention of the petitioner that as a result of the court’s decree, it wTas compelled to pay the same sums twice and that this duplication of payments resulted in loss. Upon the evidence presented in this proceeding, we are unable to find that the petitioner sustained a loss aggregating $6,500 within the meaning of section 23 (f) by virtue of its payment of this amount under the court’s order. There is nothing in the record which shows that the petitioner, in fact, paid the sum of $6,500 twice. The only payment of $6,500 which has been proved to our satisfaction is .the one made to Virginia during 1946. This payment discharged the petitioner’s indebtedness to Oscar and is clearly not deductible as a loss. For failure of proof, the respondent’s determination that the amount of $6,500 is not a deductible loss is sustained. Reviewed by the Court. Decision will be entered under Bule 50.