William J. Murray, Detroit, Mich., for petitioners.

Davis W. Morton, Jr., Washington, D. C., Charles K. Rice, Lee A. Jackson, Robert N. Anderson, Walter Akerman, Jr., Washington, D. C., for respondent.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

**Henry HILINSKI, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Steven F. WOODS, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 12760, 12761.**

United States Court of Appeals
Sixth Circuit.

Oct. 26, 1956.

STEWART, Circuit Judge.

The petitioners were equal members of a partnership known as Oak Tool & Thread Chasing Company. Their partnership income tax returns were filed on the accrual basis of accounting. This petition to review the decisions of the Tax Court involves the amount of the net operating loss carry-back from the year 1947 in determining the petitioners' taxable net incomes for the year 1945 from the operations of this partnership. The mechanics of the carry-back are not in dispute, and the only issue here concerns the computation of the amount of net operating loss of the partnership for the year 1947.

In 1946 the partnership undertook the manufacture of toy water pistols. The venture proved unsuccessful from the beginning, and on December 30, 1947, the petitioners contracted with one Baker to

transfer the assets of their business to him and to deliver sixty-eight thousand completed water pistols in exchange for Baker's assumption of certain of their partnership liabilities in the amount of $11,924.97.

At the time of this agreement the petitioners had only thirty-eight hundred completed water pistols on hand. They had most of the necessary component parts for completing the rest of the water pistols, but lacked sixty thousand handles and tubes which Baker agreed to supply. The petitioners estimated that it would cost $17,220 to complete the water pistols in accordance with the contract. The question here is whether the partnership properly offset the estimated expense of completion against the $11,924.97 income resulting from Baker's assumption of the partnership liabilities in 1947. The Tax Court answered this question in the negative.

In its view, Baker unconditionally assumed the liabilities in consideration for the transfer of the inventory and other assets of the water pistol business to him. The court was of the opinion that the partnership's obligation to complete sixty-eight thousand water pistols was conditioned solely upon Baker's promise to furnish the necessary handles and tubes.

We do not agree that the partnership's contract with Baker can properly be severed into two separate agreements. Such an interpretation disregards the plain wording of the contract, which made the petitioners' agreement "to machine and deliver * * * all water rocket pistols * * * said * * * water rockets to be machined, assembled and boxed ready for shipment," a consideration for Baker's assumption of the partnership liabilities. We think it is clear that the parties intended that the contract should be entire and not severable.

The Tax Court held that, regardless of the severability issue, the estimated costs of completion were not deductible because they were based upon a contingency; namely, that Baker first had to supply the handles and tubes before the expense could be incurred. But whether the contract would be performed or not was completely within the control of the contracting parties and did not depend on any outside factors. Compare Brown v. Helvering, 1934, 291 U.S. 193, 54 S.Ct. 356, 78 L.Ed. 725. Moreover the petitioners never contested their obligation to finish the guns under the contract. See Security Flour Mills Co. v. Commissioner, 1944, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725; Dixie Pine Products Co. v. Commissioner, 1944, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 420; Lucas v. American Code Co., 1936, 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538.

The contention that the partnership's obligation was contingent because subsequent default by Baker in supplying parts would diminish or extinguish its liability under the contract is disposed of by this court's opinion in Ohmer Register Co. v. Commissioner, 6 Cir., 1942, 131 F.2d 682, 143 A.L.R. 1164. There it was held that accrued commissions owed to sales agents which might be reduced to the extent of subsequent sales returns and allowances were not contingent and hence were properly accrued as deductions in the year when the sales were made. The opinion noted that, "The fact that the agent might not, in the end receive his full commission is no more material than that the petitioner might not receive full payment of the purchase price of the article sold. Petitioner's books were kept and its income tax returns were made upon the accrual basis." 131 F.2d 686.

Whether Baker would actually discharge the partnership liabilities which he assumed was just as uncertain as was whether he would supply the parts which he had agreed to furnish. The record shows that Baker in fact subsequently defaulted in both respects. It is not reasonable under these circumstances to compel the petitioners to accrue income and at the same time refuse to allow them to accrue the liability incurred in the production of that same income. See Commissioner of Internal Revenue v. R. J. Darnell, Inc., 6 Cir., 1932, 60 F.2d 82.

The fact that the accrued liability was based upon an estimate of costs does not in this case defeat deductibility. Harrold v. Commissioner, 4 Cir., 1951, 192 F.2d 1002. See Bittker, Federal Income Estate and Gift Taxation, 678–80. There is no claim on the part of the respondent that the amount of the estimate was unreasonable. See Patsch v. Commissioner, 3 Cir., 1954, 208 F.2d 532.

The petitioners here ask only that the $11,924.97 of assumed liabilities be excluded from their 1947 gross income. They are not now claiming a loss on the transaction although the liability which they accrued exceeded this amount. We hold that they are entitled to the relief they ask.

The decision of the Tax Court is reversed and the case remanded for proceedings consistent with the views here expressed.