**CHRYSLER CORPORATION, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**No. 14345.**

United States Court of Appeals
Sixth Circuit.

May 11, 1961.

John J. Costello, New York City, for petitioner.

Douglas A. Kahn, Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before MARTIN, CECIL and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This case is before the Court on petition for review of decision of the Tax Court of the United States.

Petitioner is Chrysler Corporation, a Delaware corporation, with its principal office in Highland Park, Detroit, Michigan. The material facts are not in dispute and are stated in the Findings of Fact of the Tax Court. 33 T.C. 843. The petitioner employed an accrual method of accounting and filed its federal income tax returns on a calendar year basis.

By agreement with the union in 1950, the petitioner became obligated inter alia to provide insurance in varying amounts for its retired employees. The Commissioner of Internal Revenue disallowed an item of $311,750 which the petitioner deducted, by reason of this insurance, from its income for the year 1951.

Three hundred eighty-two employees retired during the year in question and the total face value of their certificates of insurance is the amount of the deduction made by the taxpayer. The insurance for these retired employees was carried with the Aetna Life Insurance Company and was included in Group Policy No. 40400 which was a renewable one-year term, non-participating policy.

The cost of this policy to the taxpayer for these retired employees was the incurred claims paid during a policy year, plus a service charge. The premium was estimated at the beginning of the year on the basis of the previous year's experience. This estimated amount was paid by the petitioner with an adjustment for any deficiency or excess being made at the end of the year.

The taxpayer claims that on December 31, 1951, it became obligated to pay the face value of these certificates upon the death of the retired employees and that it was therefore entitled to accrue that amount as an expense in that taxable year.

The Tax Court did not agree with this view, nor do we. Simply stated, the obligation of the petitioner was to pay the insurance premium, not the face of the certificates. The payment of the certificates was the obligation of the insurance company.

The Commissioner allowed a deduction for the insurance premium. Only this amount may be accrued as an expense deduction during the taxable year. See E. H. Sheldon & Co. v. Commissioner, 6 Cir., 214 F.2d 655, 656; Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270; Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725.

We agree with the opinion and conclusion of the Tax Court. The inferences and conclusions of the Tax Court drawn from the undisputed facts not being clearly erroneous the decision is affirmed. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S. Ct. 1190, 4 L.Ed.2d 1218.