Sydney Gould and Lillian Gould v. Commissioner.
Gould v. Commissioner
Docket No. 968-69.
United States Tax Court
T.C. Memo 1971-90; 1971 Tax Ct. Memo LEXIS 244; 30 T.C.M. (CCH) 365; T.C.M. (RIA) 71090; April 28, 1971, Filed *244 A, a general contractor, failed to complete a construction contract with B, and B completed it. B then sued C on its labor and material payment bond covering the project, and C sued A on his agreement to indemnify C for any liability it incurred under the bond. Held, A's liability was in dispute and di did not accrue until 1965 when judgment was entered against him. Murray P. Greenblatt, 17000 W. 8 Mile Rd., Southfield, Mich., for the petitioners. Gary F. Walker, for the respondent. FEATHERSTON
Memorandum Opinion FEATHERSTON, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for 1965 *245 and 1966 in the amounts of $3,811.32 and $1,233.89, respectively. The only issue for decision is whether petitioner Sydney Gould's liability to reimburse Standard Accident Insurance Company for expenditures under a labor and material payment bond accrued as a deductible item in 1965, when a judgment was against him, or in some earlier year. Sydney Gould and Lillian Gould, husband and wife, resided in Detroit, Michigan, at the time they filed their petition. They filed joint income tax returns for 1965 and 1966 with the district director of internal revenue, Detroit, Michigan. The facts, all stipulated, show that Gould entered into a construction contract with Wal-Ward Development Co., Inc. (hereinafter Wal-Ward), on March 6, 1962. In order to insure his performance under the contract, Gould was required to furnish a labor and material payment bond. The bond, issued by Standard Accident Insurance Company (hereinafter Standard), was in the face amount of $635,000. During 1962, Gould abandoned the project, and it was completed by Wal-Ward. 366 Thereupon, Wal-Ward demanded payment from Standard under its obligation on the bond. Standard refused to make the payment, and Wal-Ward *246 brought suit against it in the Circuit Court for the County of St. Clair, Michigan. Standard answered and, as a thrid-party plaintiff, filed a complaint against Gould as third-party defendant. Both Standard and Gould appeared personally and through counsel at the trial of the case. After Wal-Ward had concluded its presentation of evidence, Wal-Ward and Standard on November 3, 1965, entered into a stipulation of judgment in the amount of $186,244.60. Thereafter, on November 12, 1965, a judgment in the same amount was entered against Gould on his agreement to indemnify Standard for any liability it incurred on his behalf, and the court retained jurisdiction to increase the judgment for such additional amounts as Standard might be required to expend in satisfying certain other specified claims. Gould reported the income and deductions of his contracting business under the accrual method of accounting. On the joint return for 1965, he deducted $258,000 as an "Operating Loss in 1965," describing the item as a "Judgment obtained against taxpayer in 1965 arising out of his business as a general contractor." This deduction produced a net operating loss carry forward which Gould claimed *247 as a deduction on the joint return for 1966. In the notice of deficiency, respondent determined that "the amount of $258,000.00 claimed as a loss resulting from a judgment * * * is not allowed because it has not been established that any deductible loss within the meaning of Section 165 of the Internal Revenue Code was sustained during the taxable year." As to 1966, respondent determined that the judgment did not produce a net operating loss in 1965 which could be carried over to a later year. Under the accrual method of accounting employed by Gould in his business as a general contractor, "deductions are allowable for the taxable year in which all events have occurred which establish the fact of the liability giving rise to such deduction and the amount thereof can be determined with reasonable accuracy." Sec. 1.446-1(c) (1)(ii), Income Tax Regs. Where a liability is being contested, neither the existence nor the amount of it has been established, and, therefore, no deduction is allowed for it. It is deductible, if at all, only for the year in which the dispute is settled. Security Flour Mills Co. v. Comm'r., 321 U.S. 281 (1944); Dixie Pine Co. v. Commissioner, 320 U.S. 516 (1944); *248 General Communication Co., 33 T.C. 640 (1960). The parties have stipulated to the judgment entered against Gould on November 12, 1965, and it recites that Gould and Standard appeared both personally and through counsel. Only after Wal-Ward had put on its evidence did Standard stipulate to its liability, and a judgment was later entered against Gould on his obligation to indemnify Standard. From this evidence, we conclude that there was a bona fide dispute as to either the fact or the amount of Standard's liability to Wal-Ward and, consequently, Gould's liability under his indemnity agreement with Standard. This liability of Gould's contracting business was not properly accruable until the dispute was settled by the entry of a judgment against him in 1965. The evidence, however, establishes a liability in the amount of only $186,244.60; the deduction for 1965 on account of this item is limited to that amount. Decision will be entered under Rule 50.