OPINION Ratjm, Judge: This case is governed by the recent decision of this Court in Thriftimart, Inc., 59 T.C. 598, which involved a like self-insurance program also administered by the same organization, R. L. Kautz & Co. To be sure, that case involved claimed accruals in respect of both contested and uncontested employee claims, in contrast to petitioner’s efforts here to eliminate the contested claims. We need not decide whether petitioner has successfully eliminated such contested claims and thus “purified” the figures. For, Thriftimart makes clear that its reasoning applies to both types of claims. The basic test is whether all the events have occurred during the taxable year determining the fact of liability and whether the amount thereof is ascertainable with reasonable certainty. Sec. 1.461-1 (a) (2), Income Tax Regs.; cf. Dixie Pine Products Co. v. Commissioner, 320 U.S. 516, 519. The Court in Thriftmart held that neither of the requirements of that test was met on the record before it. We hold that petitioner herein must fail because it has not satisfied the first part of the test — i.e., it has failed to show that “all the events” have occurred during the taxable year fixing its liability — and we need not consider whether it has been able to make a reasonably accurate forecast of its workmen’s compensation liability as of the end of each year in issue, for it is clear that failure to comply with either of the requirements of the test is fatal. The fallacy in petitioner’s position as to the first part of the test is its assumption that the occurrence of an injury to an employee in an uncontested case is sufficient to fix its liability to that employee. The occurrence of the injury is but the first, although important, step in fixing petitioner’s liability. It merely establishes the basis for the employee’s claims against petitioner. In order for those claims to ripen, further events are necessary, e.g., the rendering of medical services, which may in fact occur in the subsequent year or years. Petitioner’s liability matures from time to time only as such services are in fact rendered. Although analogies are sometimes treacherous, the situation is not too far different from services rendered by an employee under an employment contract. Thus, an employer may be obligated to an employee under a 10-year contract of employment, which determines their respective rights and liabilities over the term of the contract, but the employer’s liability is accruable only year by year in respect of the services rendered during each year. The reason is that until the services have been rendered, “all the events” have not occurred that would justify an accrual. The present case is similar. Although the employee’s injury establishes the underlying basis of liability, further “events” are necessary before that liability may be accrued. As already noted, until medical services are rendered, there can be no existing liability in respect thereof. A similar situation obtains in respect of indemnity payments that are dependent upon the continuance of the employee’s disability which would ordinarily result in his absence from work.[1] It is not enough that petitioner may be able to estimate its future liability with reasonable accuracy — a matter that we do not rule upon here — but he must show that the liability itself is already fixed. If further events must occur before such liability can be fixed, an accrual would amount to nothing more than a reserve, and it is well established that in the absence of specific statutory provisions providing otherwise, reserves are not deductible under our income tax laws. Brown v. Helvering, 291 U.S. 193, 201-202. Decision will be entered under Rule 50. It is possible that some portion of the accrued expenses here in issue may have been attributable to cases in which ail the events fixing petitioner’s liability had occurred within the respective taxable years for which deductions were taken. However, petitioner, upon whom the burden of proof rested, did not identify any such expenses, nor, if they existed, does the record enable us to make any reasonable estimate of the amounts thereof.