**MEDITERRANEAN REFINING COMPANY, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 75 Civ. 5631 (CHT).**

United States District Court,
S. D. New York.

May 26, 1977.

Andrew J. Azzara, New York City, for plaintiff.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for defendant; Stuart I. Parker, Asst. U. S. Atty., New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

This is a motion for summary judgment made by the defendant, United States of America, in an action brought by the plaintiff corporation under 26 U.S.C. § 7422 for a refund of federal income taxes paid for the calendar year 1962. The plaintiff claims that it was wrongfully denied a foreign tax credit pursuant to 26 U.S.C. §§ 901 *et seq.* The plaintiff moved to place this case on the Court's suspense docket pending the outcome of its tax dispute with the Lebanese Government which has also assessed taxes against the plaintiff for the year 1962. The defendant moved for summary judgment, contending that the facts admitted by the plaintiff in its Answers to Interrogatories fail as a matter of law to establish entitlement to a foreign tax credit.

In 1962, the tax year at issue, the plaintiff, an American corporation, derived its income entirely from the operation of a petroleum refinery in Lebanon and the sale of petroleum products in that country. It paid United States income taxes for the calendar year 1962 in the amount of $407,-311.54. (Complaint ¶ 3). The plaintiff alleges that in February 1966 the Government of Lebanon made an assessment of Lebanese income tax on its income for the calendar year 1962 in an amount equal to $347,586. (*Id.* ¶ 6). This income tax assessment was contested by the plaintiff who pursued negotiations with the Lebanese Government until September 1973 when the talks "were interrupted due to the political situation and civil strife prevalent in Lebanon." (Answer to Interrogatory 1(c)). At this time, the plaintiff has not acquiesced to or paid any part of the assessment to the

Lebanese Government and maintains that the tax dispute is still unresolved. (*Id.* 1(a), (b) and (c)).

On March 13, 1973 the plaintiff filed with the United States Internal Revenue Service a claim for an income tax refund in the amount of $347,586 for the calendar year 1962, alleging that it was entitled to a foreign tax credit to offset Lebanese income tax accrued in that amount for 1962. (Complaint ¶ 7). The claim was rejected by the service on November 7, 1973 (*id.* ¶ 8), and on November 29, 1975 this lawsuit was commenced.

■ Under 26 U.S.C. § 901(b)(1) a domestic corporation is allowed a credit against its federal income tax in "the amount of any income, war profits, and excess profits taxes *paid or accrued* during the taxable year to any foreign country." (Emphasis added). The credit has been characterized as "an act of grace on the part of Congress," *Irving Air Chute Co. v. Commissioner of Internal Revenue*, 143 F.2d 256, 259 (2d Cir. 1944), and is available to a taxpayer who meets the conditions of this strictly statutory provision. Rev.Rul. 58–55, 1958–1 Cum.Bul. 266. The taxpayer must show that earnings for the year in dispute have been levied upon by a foreign government and that taxes have been paid to the foreign government or, having been finally adjudicated, are to be paid. *See Dixie Pine Products Company v. Commissioner of Internal Revenue*, 320 U.S. 516, 519, 64 S.Ct. 364, 88 L.Ed. 270 (1944).

■ The purpose of the foreign tax credit provision is to prevent double taxation of income which is earned and taxed abroad. *United States v. Campbell*, 351 F.2d 336 (2d Cir. 1965), *cert. denied*, 383 U.S. 907, 86 S.Ct. 884, 15 L.Ed.2d 662 (1966). The court in that case further explained the statutory scheme:

"Section 905(a) of the Code determines when the credit may be taken and allows the taxpayer an election between the cash or accrual method of reporting. The United States credit for an uncontested foreign tax of course applies to the year in which the foreign tax was levied. In the event the foreign tax is contested by the taxpayer, the Internal Revenue Service has followed *Cuba R.R. v. United States*, 124 F.Supp. 182 (S.D.N.Y.1954), which requires a taxpayer on an accrual basis to accrue a foreign tax liability as a credit against United States tax in the year in which this liability has been *finally determined*." (Emphasis added). *Id.* at 339.

■ This Court must determine, then, whether the Lebanese tax assessment has been finally adjudicated or determined, thereby qualifying as "taxes paid or accrued" under section 901(b)(1), and able to sustain a tax credit. The plaintiff has admitted that although taxes were initially assessed against it by the Lebanese Government, it has not in fact paid the tax and, after four years without any formal action on the disputed assessment by that government, the taxes remain unpaid and the matter unresolved.

Since it appears that the plaintiff is not certain to pay taxes to the foreign government, this Court cannot conclude that the taxes have "accrued" within the intendment of the statutory allowance of a tax credit, and therefore the request for a refund is denied. This result accords with the purposes and policies of the United States tax laws which seek to tax earned income yet spare the taxpayer the burden of double taxation, while simultaneously encouraging the prompt resolution of disputed foreign tax claims. Finally, these goals would hardly be served by permitting a taxpayer to take advantage of this privilege under American Tax law and at the same time violate a determination of liability under foreign law.

Accordingly, the defendant's motion for summary judgment is granted, the action is dismissed with prejudice on the ground that the plaintiff has failed to state a claim for a tax refund, and the plaintiff's motion to transfer this action to the Court's suspense docket is denied.

So ordered.