873 F.2d 194
 63 A.F.T.R.2d 89-1235, 89-1 USTC P 9282
 Donald H. LAMM and Frances G. Lamm, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
Thomas A. RYAN and Patricia J. Ryan, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
Eugene A. O'BRIEN and Mary Kay O'Brien, Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 Nos. 88-2000, 88-2066.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 16, 1989.
Decided April 24, 1989.
 
 Lee N. Johnson, Minneapolis, Minn., for appellants.
 Stuart E. Horwich, Washington, D.C., for appellee.
 Before FAGG and BEAM, Circuit Judges, and DUMBAULD,* Senior District Judge.
 FAGG, Circuit Judge.
 
 
 1
 The United States Tax Court ruled in favor of the Commissioner of Internal Revenue (the Commissioner) regarding the appropriate tax year in which six taxpayers were obligated to include income realized on the foreclosure sale of mortgaged property. Ryan v. Commissioner, 54 T.C.M. (CCH) 1503, 1508 (1988). The taxpayers, Donald H. and Frances G. Lamm, Thomas A. and Patricia J. Ryan, and Eugene A. and Mary Kay O'Brien, brought two separate appeals to this court. Having considered the appeals on a consolidated basis, we affirm.
 
 
 2
 During 1973, the taxpayers invested in a limited partnership, known as Alotel, to build and operate a Ramada Inn motel in Rochester, Minnesota. When one of the nonrecourse mortgage notes that helped finance the project went unpaid, the mortgagee began foreclosure proceedings against Alotel and others in Minnesota state court. Alotel unsuccessfully claimed the note was usurious under Minnesota law, and the trial court permitted a sheriff's foreclosure sale to proceed.
 
 
 3
 Alotel appealed the trial court's decision to the Minnesota Supreme Court. Because Alotel failed to file the required supersedeas bond, the sheriff's sale was not stayed pending the outcome of the appeal. The mortgagee purchased the property at the sale in 1977 for the amount due on the unpaid note, and the state law period of redemption expired later that year. In 1978, the Minnesota Supreme Court rejected Alotel's claim that the mortgage note was usurious and declined to exercise its power to invalidate the foreclosure sale. See United Realty Trust v. Property Dev. & Research Co., 269 N.W.2d 737, 741 & n. 5 (Minn.1978).
 
 
 4
 Following an audit of the limited partnership, the Commissioner assessed deficiencies against the taxpayers' 1978 joint federal income tax returns. These deficiencies resulted from the Commissioner's view that the correct year in which to include the income realized from the foreclosure sale was 1978, the year of the Minnesota Supreme Court's final decision on Alotel's appeal.
 
 
 5
 On appeal to the Tax Court based on stipulated facts, the taxpayers did not dispute the amount of income to be included from the transaction. Instead, they contended that because the foreclosure sale was held and the redemption period expired during 1977, the income realized from the sale should be attributed to the 1977, rather than the 1978, tax year.
 
 
 6
 The Tax Court rejected the taxpayers' argument and held 1978 was the proper year of inclusion. Ryan, 54 T.C.M. (CCH) at 1508. In doing so, the court applied a number of general taxation principles that the parties do not challenge on appeal.
 
 
 7
 First, when Alotel's nonrecourse mortgage note was foreclosed, the taxpayers realized income to the extent the discharged indebtedness secured the mortgaged property. Id. at 1506; see Commissioner v. Tufts, 461 U.S. 300, 304, 308-09, 317, 103 S.Ct. 1826, 1829, 1832, 1836, 75 L.Ed.2d 863 (1983); Helvering v. Hammel, 311 U.S. 504, 510, 61 S.Ct. 368, 371, 85 L.Ed. 303 (1941) (no distinction between foreclosure and voluntary sales of capital assets in determining gain or loss). Second, for accrual taxpayers like Alotel's limited partners, the taxable event occurred and the income was realized when the so-called "all events test" was satisfied. See Ryan, 54 T.C.M. (CCH) at 1506; see also United States v. General Dynamics Corp., 481 U.S. 239, 242-43, 107 S.Ct. 1732, 1735-36, 95 L.Ed.2d 226 (1987) (deduction from income) (citing United States v. Anderson, 269 U.S. 422, 441, 46 S.Ct. 131, 134, 70 L.Ed. 347 (1926)); Flamingo Resort, Inc. v. United States, 664 F.2d 1387, 1388 (9th Cir.) (accrual of income governed by Anderson all events test), cert. denied, 459 U.S. 1036, 103 S.Ct. 446, 74 L.Ed.2d 602 (1982); Treas.Reg. Sec. 1.451-1(a) (1988) (accrual of income).
 
 
 8
 Third, in the foreclosure sale setting, all events occur when the debt is discharged and disposal of the property takes place. Eisenberg v. Commissioner, 78 T.C. 336, 344 (1982); see Ryan, 54 T.C.M. (CCH) at 1507. Finally, when an accrual taxpayer contests an item of income, all events do not occur until the contest is resolved. Ryan, 54 T.C.M. (CCH) at 1506; see Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 284, 286-87, 64 S.Ct. 596, 597-98, 599, 88 L.Ed. 725 (1944) (deduction); Dixie Pine Prods. Co. v. Commissioner, 320 U.S. 516, 519, 64 S.Ct. 364, 365-66, 88 L.Ed. 270 (1944) (deduction); United States v. Safety Car Heating & Lighting Co., 297 U.S. 88, 93-94, 97-99, 56 S.Ct. 353, 356, 357-59, 80 L.Ed. 500 (1936) (income).
 
 
 9
 Beyond this point, the taxpayers and the Commissioner disagree on the legal effect of Alotel's appeal of the foreclosure action to the Minnesota Supreme Court. The taxpayers contend the Minnesota Supreme Court decision could not have altered the tax consequences of the foreclosure sale's discharge of the debt and disposal of the mortgaged property during 1977. Thus, they claim income resulting from the transaction was properly included in the 1977 tax year.
 
 
 10
 The Commissioner, in contrast, takes the position that so long as the Minnesota court had before it the taxpayers' appeal challenging the mortgage note, that court had the power to void the entire transaction underlying the foreclosure and, with it, any debt owed by Alotel. For this reason, the Commissioner claims the mortgage debt was not conclusively discharged until the Minnesota court ruled in 1978 that usury was not available to Alotel as a defense in the foreclosure action.
 
 
 11
 The Tax Court agreed with the Commissioner's position, as do we. The court recognized that Alotel's appeal on usury grounds effectively contested the validity of the debt discharged and the disposal of the mortgaged property at the foreclosure sale. Ryan, 54 T.C.M. (CCH) at 1507-08. The Minnesota Supreme Court had the power in that appeal to invalidate both. See United Realty Trust, 269 N.W.2d at 741 n. 5. Thus, there remained pending during 1977 a bona fide contest by Alotel that could have altered the income-generating transaction for these taxpayers. See United States v. Consolidated Edison Co., 366 U.S. 380, 385-86, 387, 81 S.Ct. 1326, 1329-30, 1330-31, 6 L.Ed.2d 356 (1961). Compare Lutz v. Commissioner, 396 F.2d 412, 413, 415 (9th Cir.1968) (no contest exists when taxpayer merely awaits outcome of litigation pursued by other parties). We therefore agree with the Tax Court that "the year the Minnesota Supreme Court issued its holding, 1978, is the proper year of inclusion." Ryan, 54 T.C.M. (CCH) at 1508.
 
 
 12
 Affirmed.
 
 
 
 *
 The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation