975 F.2d 870
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ARKLA, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 92-5009.
 United States Court of Appeals, Federal Circuit.
 July 27, 1992.
Rehearing Denied, Suggestion for In Banc Rehearing
Declined Oct. 2, 1992.
 
 Before RICH, PAULINE NEWMAN and RADER, Circuit Judges.
 RADER, Circuit Judge.
 
 
 1
 Arkla incurred substantial liability for violating the Emergency Petroleum Allocation Act of 1973. From 1977 to 1979, Arkla deducted $6,100,000, under the accrual method of accounting, to pay its anticipated liability. Because Arkla did not satisfy the "all events" test, the United States Claims Court ruled that Arkla could not claim this deduction. Arkla, Inc. v. United States, No. 477-88T (Cl.Ct. July 23, 1991) This court affirms.
 
 OPINION
 
 2
 In 1976, the Department of Energy (DOE) began auditing Arkla's compliance with pricing regulations under the 1973 Act. The audit examined Arkla's conduct from 1973 through 1975. DOE notified Arkla of possible violations on September 17, 1976, December 10, 1976, and August 9, 1977. In response, Arkla disagreed with DOE's findings of potential liability and reserved the right to contest all assessments. Arkla did not withdraw its reservation of rights until settlement in 1980. Throughout this time, Arkla knew that other firms had settled similar disputes with DOE by investing their overcharges into exploration.
 
 
 3
 Arkla accrued $3 million on its books in 1977 for its potential liability and deducted this amount on its tax return. Arkla accrued and deducted an additional $2.25 million in 1978 and another $850,000 in 1979. Over three years, Arkla accrued and deducted a total of $6.1 million. On its books, Arkla referred to its potential DOE liability as "contingent" or "possible."
 
 
 4
 In 1980, Arkla settled all of its DOE liability for $2,875,171 plus $27,500 in civil penalties. In 1981, Arkla included as income the difference between its actual liability and its accruals in anticipation of liability. After an audit, the Internal Revenue Service disallowed Arkla's deductions for 1977-79. Arkla paid the deficiencies and filed this action in the Claims Court for a refund. The Claims Court denied the refund and Arkla appealed.
 
 
 5
 This court must determine whether, in light of the "all events" test, Arkla could deduct its potential liabilities. An accrual basis taxpayer can deduct an expense for the taxable year in which all events have occurred to determine, with reasonable accuracy, the fact of and the amount of liability. 26 C.F.R. § 1.461-1(a)(2) (1977). The Supreme Court has explained the "all events" test:
 
 
 6
 It is fundamental to the "all events" test that, although expenses may be deductible before they have become due and payable, liability must first be firmly established. This is consistent with our prior holdings that a taxpayer may not deduct a liability that is contingent, or contested. Nor may a taxpayer deduct an estimate of an anticipated expense, no matter how statistically certain, if it is based on events that have not occurred by the close of the taxable year.
 
 
 7
 United States v. General Dynamics, 481 U.S. 239, 243-44 (1987) (citations omitted).
 
 
 8
 The Claims Court determined that Arkla contested DOE's assessment of liability and reserved all rights throughout subsequent negotiations. Arkla's conduct itself supports the Claim Court's determination that Arkla contested its liability. Substantial evidence in the record supports the Claims Court's determination.
 
 
 9
 The United States Court of Appeals for the Eighth Circuit addressed application of the "all events" test when a taxpayer contests liability:
 
 
 10
 [W]hen an accrual basis taxpayer contests the existence of a liability which might otherwise accrue, a deduction is not permitted because the existence of the contest renders the liability contingent. Dixie Pine Prods. Co. v. Commissioner, 320 U.S. 516, 519 (1944). This "contested liability" rule is actually nothing more than the application of the "all events" test to a common fact pattern. See United States v. Consolidated Edison Co., 366 U.S. 380, 385-86 (1961).
 
 
 11
 Fox v. Commissioner, 874 F.2d 560, 564 (8th Cir.1989). Furthermore, Arkla's own records refer to its liability as contingent.
 
 
 12
 The Supreme Court clarified that a taxpayer may not "deduct an estimate of an anticipated expense, no matter how statistically certain, if it is based on events that have not occurred by the close of the taxable year." General Dynamics, 481 U.S. at 243-44. Arkla based its deductions on an assumption that it would be liable in the future--an assumption it contested until settlement in 1980.
 
 
 13
 Moreover, Arkla further assumed that DOE would undertake corrective action. The regulations give DOE discretion to undertake enforcement:
 
 
 14
 [DOE] may conduct proceedings to determine the nature and extent of the violation and may issue a remedial order thereafter.
 
 
 15
 10 C.F.R. § 205.190(b) (1977) (emphasis added). In addition, DOE has considerable discretion in fashioning remedies. See 10 C.F.R. § 205.195 (1977). For instance, DOE could require "the person to whom the order is issued [to] maintain his prices at certain designated levels." Id. The record shows that Arkla knew other firms had settled with DOE by investing overcharges into their exploration budget. Due to DOE's enforcement discretion, Arkla's assumption of future liabilities was just that--an assumption.
 
 
 16
 In 1977-79, Arkla's liability was contingent. The Claims Court correctly determined that all events had not occurred to enable Arkla to determine, with reasonable accuracy, the fact of and the amount of liability in those years. The record discloses no clear error in the Claims Court's determination. Indeed, in the long run, Arkla accrued and deducted more than $6 million dollars and settled for less than $3 million. Thus, the record in still another way underscores the uncertain nature of Arkla's contingent liability in 1977-79.